UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:16-cv-21562-JAL

ADANA INVESTING, INC.

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,
WELLS FARGO ADVISORS, LLC,
BENJAMIN RAFAEL, HERNAN
BERMUDEZ, and PAUL ZOCH,

      Defendants.

_____/

### WELLS FARGO ADVISORS, LLC'S AND PAUL ZOCH'S ANSWER AND AFFIRMATIVE DEFENSES

     Defendants WELLS FARGO ADVISORS, LLC ("WELLS FARGO ADVISORS") and

PAUL ZOCH ("ZOCH") submit the following as their Answer and Affirmative Defenses to the

Complaint of Plaintiff ADANA INVESTING, INC. ("ADANA") and state as follows:

### NATURE OF THE ACTION

     1.    Plaintiff ADANA brings this action against the WELLS FARGO DEFENDANTS

and their employees, RAFAEL, BERMUDEZ, and ZOCH, for fraudulent misrepresentation and

aiding and abetting the conversion of more than $28.5 million that ADANA deposited into an

account at WELLS FARGO BANK. ADANA deposited the funds in accordance with the terms

of what ADANA believed were three short-term loans. In reality, almost immediately after they

were deposited, ADANA's funds were wrongly converted and dissipated.

    **ANSWER**:  Wells Fargo Advisors and Zoch admit that this action is brought by Adana

for alleged fraudulent misrepresentation and aiding and abetting conversion, but deny that Adana

is entitled to any relief.  Answering further, Wells Fargo Advisors and Zoch lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint which are not directed at them, and therefore deny the allegations.  Wells Fargo Advisors and Zoch deny the remaining allegations against them contained in Paragraph 1 of the Complaint.

2.      The WELLS FARGO DEFENDANTS and their employees, RAFAEL, BERMUDEZ, and ZOCH, played an active and indispensable role in the conversion. Prior to ADANA agreeing to make the loans, the WELLS FARGO DEFENDANTS' officers and bankers hosted meetings with ADANA's representatives in boardrooms at WELLS FARGO BANK and WELLS FARGO ADVISORS locations in South Florida to convince ADANA of the legitimacy of the deals. Additionally, WELLS FARGO BANK provided written assurances that ADANA's loan proceeds would be held in a restricted account. Then, after ADANA deposited the loan proceeds, a banker at WELLS FARGO BANK actively concealed the conversion.

**ANSWER**:  Wells Fargo Advisors and Zoch admit there was one meeting at a Wells Fargo Advisors office in South Florida that Zoch attended.  Answering further, Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint which are not directed at them, and therefore deny the allegations.  Wells Fargo Advisors and Zoch deny the remaining allegations against them contained in Paragraph 2 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff ADANA is a British Virgin Islands corporation, with its principal place of business in Tortola, British Virgin Islands.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore deny the allegations.

4.     Defendant WELLS FARGO BANK is a national bank, with its principal place of business in California. WELLS FARGO BANK has over 600 bank locations in Florida, and displays its name over the Miami skyline on the one of the tallest buildings in the state. Upon information and belief, WELLS FARGO BANK is a wholly-owned subsidiary affiliate of Wells Fargo & Company.

**ANSWER**:  Wells Fargo Advisors and Zoch admit the allegations in the first sentence of Paragraph 4 of the Complaint.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and therefore deny the allegations.

5.     The Court has general personal jurisdiction over WELLS FARGO BANK because it is engaged in substantial and not isolated activity within Florida; operates, conducts, engages in, and carries on a business in Florida; and has offices in Florida.

**ANSWER**:  The allegations contained in Paragraph 5 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  Answering further, Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore deny the allegations.

6.     Defendant WELLS FARGO ADVISORS is a Delaware limited liability company, with its principal place of business in Missouri. WELLS FARGO ADVISORS is a wholly-owned subsidiary of Wachovia Securities Financial Holdings, LLC, which is its sole member. Wachovia Securities Financial Holdings, LLC is a Delaware limited liability company.

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

Wachovia Securities Financial Holdings, LLC is a wholly-owned subsidiary of Wells Fargo & Company. Wells Fargo & Company is a Delaware corporation, with its principal place of business in California. WELLS FARGO ADVISORS has at least 10 offices in South Florida.

**ANSWER**: Wells Fargo Advisors and Zoch admit the allegations contained in Paragraph 6 of the Complaint.

7.      The Court has general personal jurisdiction over WELLS FARGO ADVISORS because it is engaged in substantial and not isolated activity within Florida; operates, conducts, engages in, and carries on a business in Florida; and has offices in Florida.

**ANSWER**: The allegations contained in Paragraph 7 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary. To the extent a responsive pleading is required, Wells Fargo Advisors admits that the Court has personal jurisdiction over it. Defendant Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, which are not directed at Zoch, and therefore denies the allegations.

8.      WELLS FARGO BANK and WELLS FARGO ADVISORS are affiliates of each other.

**ANSWER**: Wells Fargo Advisors and Zoch admit that Wells Fargo Advisors is an affiliate of Wells Fargo Bank.

9.      Wells Fargo & Company offers private banking and wealth management services to high net worth clients through its Wells Fargo Private Bank segment.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny the allegations.

4

10.     Both WELLS FARGO BANK and WELLS FARGO ADVISORS provide services to clients of the Wells Fargo Private Bank segment.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 10 of the Complaint.

11.     WELLS FARGO BANK offers and provides deposit services and deposit accounts for clients of Wells Fargo Private Bank.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny the allegations.

12.     WELLS FARGO ADVISORS offers and provides brokerage products and financial advising for clients of Wells Fargo Private Bank.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 12 of the Complaint.

13.     RAFAEL is an individual and, upon information and belief, is a citizen of Florida who resides in Miami, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore deny the allegations.

14.     The Court has personal jurisdiction over RAFAEL because he is a citizen of Florida and committed a tort within Florida.

**ANSWER**:  The allegations contained in Paragraph 14 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  Answering further, Wells Fargo Advisors

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore deny the allegations.

15.     At all relevant times until June 18, 2015, RAFAEL was employed by WELLS FARGO BANK as a personal banker in Miami, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny the allegations.

16.     As a personal banker at WELLS FARGO BANK, RAFAEL's duties and responsibilities included, without limitation, providing advice to customers; servicing customer relationships; speaking and meeting with customers at the bank location; selling retail banking products and services to customers and prospective customers; referring customers to other segments of WELLS FARGO BANK and its affiliates; cross-selling all products and services; developing and maintaining relationships with WELLS FARGO BANK's partners and affiliates; reviewing and processing credit and loan applications; opening, maintaining, and managing deposit accounts for clients; and managing customer portfolios.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny the allegations.

17.     ZOCH is an individual and, upon information and belief, is a citizen of Florida who resides in Palm Beach County, Florida and works in Broward County, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch admit that Zoch is a citizen of Florida and works in Broward County, Florida.   Wells Fargo Advisors and Zoch deny the remaining allegations contained in Paragraph 17 of the Complaint.

6

18.     The Court has personal jurisdiction over ZOCH because he is a citizen of Florida and committed a tort within Florida.

**ANSWER**:  The allegations contained in Paragraph 18 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch admit that the Court has personal jurisdiction over Zoch.  Answering further, Wells Fargo Advisors and Zoch deny that Zoch committed a tort.

19.     At all relevant times through the present, ZOCH has been employed by WELLS FARGO BANK and/or WELLS FARGO ADVISORS as a Financial Advisor and an Assistant Vice President in Plantation, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch admit that he has been employed by Wells Fargo Advisors since 2011 and that Zoch is currently a Financial Advisor and an Assistant Vice President with Wells Fargo Advisors.  Wells Fargo Advisors and Zoch deny that Zoch is an employee of Wells Fargo Bank, and deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Additionally, ZOCH has been a licensed broker registered with the Financial Industry Regulatory Authority ("FINRA") through WELLS FARGO ADVISORS since July 2011 through present.

**ANSWER**:  Wells Fargo Advisors and Zoch admit the allegations contained in Paragraph 20 of the Complaint.

21.     As a Financial Advisor and an Assistant Vice President for WELLS FARGO BANK and/or WELLS FARGO ADVISORS, upon information and belief, ZOCH's duties and responsibilities have included, without limitation, providing advice to customers; servicing customer relationships; speaking and meeting with customers at the bank location; referring

7

customers to other segments of WELLS FARGO BANK, WELLS FARGO ADVISORS, and their affiliates; cross-selling products and services; and opening accounts for clients.

**ANSWER**:  Wells Fargo Advisors and Zoch admit that as an employee of Wells Fargo Advisors, some of Zoch's duties have included providing advice to Wells Fargo Advisors cutomers, servicing relationships of Wells Fargo Advisors cutomers, opening accounts for Wells Fargo Advisors cutomers, and speaking and meeting with customers.  Wells Fargo Advisors and Zoch deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     BERMUDEZ is an individual and, upon information and belief, is a citizen of Florida who resides in Broward County, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny the allegations.

23.     The Court has personal jurisdiction over BERMUDEZ because he is a citizen of Florida and committed a tort within Florida.

**ANSWER**:  The allegations contained in Paragraph 23 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  Answering further, Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny the allegations.

24.     At all relevant times until November 6, 2015, BERMUDEZ was employed by and/or acted as an agent of WELLS FARGO BANK and/or WELLS FARGO ADVISORS as a Regional Bank Private Banker and an Assistant Vice President at Wells Fargo Regional Bank in Fort Lauderdale, Florida.

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**:  The allegations contained in Paragraph 24 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny that Defendant Bermudez was employed by and/or acted as an agent of Wells Fargo Advisors.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and therefore deny the allegations.

25.     As a Regional Bank Private Banker and an Assistant Vice President for WELLS FARGO BANK and/or WELLS FARGO ADVISORS, upon information and belief, BERMUDEZ's duties and responsibilities included, without limitation, providing advice to customers; servicing customer relationships and acting as the customer relationship manager; speaking and meeting with customers at the bank location; referring customers to other segments of WELLS FARGO BANK and its affiliates; cross-selling products and services; developing and maintaining relationships with WELLS FARGO BANK's partners and affiliates; and opening accounts for clients.

**ANSWER**:  Wells Fargo Advisors and Zoch deny that Bermudez was employed by Wells Fargo Advisors.  Answering further, Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and therefore deny the allegations.

26.     Additionally, since February 2011, BERMUDEZ had been a licensed broker registered with FINRA through WELLS FARGO ADVISORS in Fort Lauderdale, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch admit that Bermudez became registered with FINRA through Wells Fargo Advisors in February 2011.  Wells Fargo Advisors and Zoch deny that Bermudez is currently registered with FINRA through Wells Fargo Advisors.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

27.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and a citizen of a foreign state.

**ANSWER**:  The allegations contained in Paragraph 27 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

28.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events and omissions giving rise to ADANA's claims occurred in this District and, upon information and belief, a substantial part of the property that is subject of this action may be or may have been at certain times relevant to this action in this District.

**ANSWER**:  The allegations contained in Paragraph 28 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

### FACTS

29.     Benjamin McConley ("McConley"), Jason Van Eman ("Van Eman"), and Ross Marroso ("Marroso"), and their companies, Forrest Capital Partners, Inc. ("FCP"), Forrest Capital and Co., LLC ("FCC"), Weathervane Productions, Inc. ("Weathervane"), and WVP Holding, LLC ("WVP") (collectively, the "Forrest Capital Parties") purport to be in the film production financing and investment business.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny the allegations.

10

30.     In January 2015, the Forrest Capital Parties approached ADANA about making a short-term loan to WVP. The Forrest Capital Parties represented to ADANA that Weathervane had an opportunity to produce three films. To do so, the Forrest Capital Parties represented to ADANA that Weathervane wanted to obtain a line of credit to be used as permanent financing to produce the films. The Forrest Capital Parties further represented that in order to obtain the line of credit, Weathervane needed to put up collateral.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny the allegations.

31.     The Forrest Capital Parties represented to ADANA that FCP had already committed to provide half of the collateral needed, but that before FCP could do so, FCP's charter required Weathervane, as the borrower, to secure "matched funding" equal to the amount to be contributed by FCP.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny the allegations.

32.     The Forrest Capital Parties proposed that ADANA make a short-term loan to WVP, a special purpose vehicle created by Weathervane. WVP would then use the loan proceeds as the "matched funding" portion of the collateral to obtain the line of credit to be used as permanent financing for the production of the films.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny the allegations.

11

33.     While ADANA was interested in the proposed short-term loan to WVP, ADANA was not willing to lend funds to WVP without first receiving confirmation from FCP's bank of FCP's ability to provide its portion of the collateral needed by WVP, as well as assurances as to Forrest Capital Parties' relationship and standing with the bank that was to issue the line of credit.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny the allegations.

34.     The Forrest Capital Parties advised ADANA that their banking relationship was with Wells Fargo Private Bank. The Forrest Capital Parties explained that FCP maintained its assets with Wells Fargo Private Bank through WELLS FARGO ADVISORS, and that WELLS FARGO BANK was to issue the line of credit.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny the allegations.

35.     Before ADANA agreed to lend the funds to WVP, Alastair Burlingham ("Burlingham") and Lee Vandermolen ("Vandermolen") conducted due diligence into the Forrest Capital Parties' relationship and standing with WELLS FARGO ADVISORS and WELLS FARGO BANK.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

36.     Burlingham and Vandermolen relayed to ADANA the details of due diligence that they had conducted recently into the Forrest Capital Parties' relationship and standing with WELLS FARGO ADVISORS and WELLS FARGO BANK. ADANA, in turn, relied on this information.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny the allegations.

37.     Specifically, on October 30, 2014, McConley, Van Eman, and an attorney for the Forrest Capital Parties, Richard Rossi ("Rossi"), introduced Burlingham and Vandermolen to ZOCH, who represented himself to be FCP's banker and financial advisor at WELLS FARGO ADVISORS.

**ANSWER**:  Wells Fargo Advisors and Zoch admit that on October 30, 2014, McConley, Van Eman, and Rossi introduced Burlingham and Vandermolen to Zoch and that Zoch confirmed that he was FCP's financial advisor at Wells Fargo Advisors.  Wells Fargo Advisors and Zoch deny the remaining allegations contained in Paragraph 37 of the Complaint.

38.     The October 30, 2014 meeting took place in a conference room at a branch of WELLS FARGO ADVISORS in Fort Lauderdale, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch admit the allegations contained in Paragraph 38 of the Complaint.

39.     During the meeting, ZOCH represented to Burlingham and Vandermolen that: (1) FCP and McConley were clients of WELLS FARGO ADVISORS; (2) WELLS FARGO ADVISORS administered and managed the trust assets of FCP's family office; and (3) FCP's family office had assets of hundreds of millions of dollars.

13

**ANSWER**:   Wells Fargo Advisors and Zoch admit that during the meeting, Zoch confirmed that FCP was a client of Wells Fargo Advisors.  Wells Fargo Advisors and Zoch deny the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Upon information and belief, ZOCH's representation about FCP having assets of hundreds of millions of dollars with WELLS FARGO ADVISORS was false. Upon information and belief and unbeknownst to ADANA at the time, as of December 3, 2014, FCP's brokerage accounts with WELLS FARGO ADVISORS contained only $277,366.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 40 of the Complaint.

41.     Additionally, at the October 30, 2014 meeting, ZOCH represented to Burlingham and Vandermolen that: (1) the WELLS FARGO DEFENDANTS had been involved in similar film financing deals between the Forrest Capital Parties and other lenders that were successfully completed; and (2) FCP had $100 million in assets with WELLS FARGO ADVISORS that was dedicated to investing in Weathervane's film financing projects.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 41 of the Complaint.

42.     Upon information and belief, ZOCH's representations about the successful completion of similar film financing deals between the Forrest Capital Parties and other lenders were false. Within weeks of the October 30, 2014 meeting, and unbeknownst to ADANA at the time, two other victims of the Forrest Capital Parties' scheme filed suit alleging conversion of their loan proceeds deposited with WELLS FARGO ADVISORS and/or WELLS FARGO BANK.

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in the first sentence of Paragraph 42 of the Complaint.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 42 of the Complaint relate to the contents of publicly available court filings that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

43.     Subsequently, after the contemplated transaction had advanced, on March 13, 2015, McConley and Van Eman met with Burlingham and Vandermolen at a branch of WELLS FARGO BANK located at 1395 Brickell Avenue, Miami, Florida. At the WELLS FARGO BANK branch, McConley and Van Eman introduced Burlingham and Vandermolen to an employee of WELLS FARGO BANK, RAFAEL, who identified himself as the Forrest Capital Parties' banker. Another unidentified individual, who introduced herself as RAFAEL's manager at WELLS FARGO BANK, was also present at the March 13, 2015 meeting.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny the allegations.

44.     At all relevant times until June 18, 2015, RAFAEL was employed by WELLS FARGO BANK as a personal banker in Miami, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

45.     Upon information and belief, at all relevant times, the unidentified individual, who introduced herself as RAFAEL's manager at WELLS FARGO BANK, was employed by WELLS FARGO BANK.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore deny the allegations.

46.     During the March 13, 2015 meeting, RAFAEL represented to Burlingham and Vandermolen that McConley and FCP were clients in good standing of WELLS FARGO BANK and WELLS FARGO ADVISORS. RAFAEL also discussed with Burlingham and Vandermolen the proposed loan from ADANA to WVP Holding. In discussing the proposed loan, RAFAEL represented to Burlingham and Vandermolen that: (1) WELLS FARGO BANK would be able to issue a line of credit within 90 days of the loan; and (2) ADANA's loan proceeds would be held in a restricted account.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and therefore deny the allegations.

47.     Burlingham and Vandermolen relayed the representations made by RAFAEL, on behalf of WELLS FARGO BANK, at the March 13, 2015 meeting to ADANA, and ADANA, in turn, relied on the information.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and therefore deny the allegations.

16

48.     Three days later, on the morning of March 16, 2015, Burlingham and Vandermolen again met with McConley, Van Eman, and RAFAEL.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny the allegations.

49.     Marroso, Rossi, Adam Falkoff (the founder of a Washington, D.C.-based lobbying and public relations firm, known upon information and belief to ADANA as Capital Keys), and another unidentified officer of WELLS FARGO BANK also attended the March 16, 2015 meeting.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny the allegations.

50.     The March 16, 2015 meeting took place in a boardroom behind security doors at the same branch of WELLS FARGO BANK located at 1395 Brickell Avenue, Miami, Florida.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny the allegations.

51.     At the March 16, 2015 meeting, RAFAEL and the unidentified officer represented to Burlingham and Vandermolen that: (1) FCP had substantial assets at WELLS FARGO BANK and WELLS FARGO ADVISORS; (2) WELLS FARGO BANK would be willing to provide up to $100 million of collateralized loan exposure for FCP; and (3) should ADANA agree to lend the funds to WVP, WELLS FARGO BANK would hold ADANA's loan proceeds in restricted accounts.

GREENBERG TRAURIG, P.A. ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore deny the allegations.

52.     Upon information and belief, the representations set forth above that RAFAEL made at the March 16, 2015 meeting were false.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore deny the allegations.

53.     Burlingham and Vandermolen relayed the representations made by RAFAEL, on behalf of WELLS FARGO BANK, at the March 16, 2015 meeting to ADANA, and ADANA, in turn, relied on the information.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny the allegations.

54.     The October 30, 2014, March 13, 2015, and March 16, 2015 meetings between Burlingham and Vandermolen and the WELLS FARGO DEFENDANTS were critical in convincing ADANA to agree to make the short-term loans to WVP.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 54 regarding the October 30, 2014 meeting.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint and therefore deny the allegations.

55.     ADANA relied heavily upon the WELLS FARGO DEFENDANTS' representations that FCP had assets sufficient to provide its portion of the collateral.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 55 regarding their purported representations.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint regarding Adana's reliance and therefore deny the allegations.

56.     Additionally, ADANA relied heavily upon the WELLS FARGO DEFENDANTS' representations about their prior and continuing involvement with the Forrest Capital Parties' film financing deals. That involvement purportedly included, to wit, WELLS FARGO BANK extending millions of dollars in lines of credit to FCP, and WELLS FARGO ADVISORS working with WELLS FARGO BANK to collateralize those lines of credit with FCP's brokerage accounts with WELLS FARGO ADVISORS. These representations, in particular, were critical in convincing ADANA that the Forrest Capital Parties were legitimate film producers that had successfully completed similar deals before, and that the Forrest Capital Parties had sufficient assets to complete the proposed deals with ADANA.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 56 regarding their purported representations.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Complaint and therefore deny the allegations.

57.     Further, ADANA considered the WELLS FARGO DEFENDANTS' participation in the forthcoming deals to be a substantial basis for its confidence in the legitimacy of the transactions and the security of the loan proceeds because (1) ADANA understood the WELLS FARGO DEFENDANTS to have undertaken measures standard in the industry to ensure that its banking clients were who and what they purported to be; and (2) because ADANA understood the bankers with whom they spoke at the branches of WELLS FARGO ADVISORS in Ft.

19

Lauderdale, Florida and WELLS FARGO BANK in Miami, Florida to be acting on behalf of the WELLS FARGO DEFENDANTS.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 56 regarding their purported participation.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Complaint and therefore deny the allegations.

58.     By early May 2015, ADANA and WVP had agreed in principal to the terms of the first short-term loan from ADANA to WVP.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny the allegations.

59.     Prior to executing the loan agreement, however, ADANA required written assurance from WELLS FARGO BANK that the loan proceeds would be secure. This was consistent with ADANA's reliance upon WELLS FARGO BANK's representation, through RAFAEL, at the March 16, 2015 meeting that WELLS FARGO BANK would hold ADANA's loan proceeds in a restricted account.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore deny the allegations.

60.     On May 13, 2015, Van Eman provided ADANA with a letter, dated May 12, 2015, from WELLS FARGO BANK (the "May 12, 2015 Wells Fargo Letter"). In the letter, WELLS FARGO BANK confirmed that it would open an account to hold ADANA's loan proceeds, and that ADANA's loan proceeds would not be removed from the account without

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

ADANA's express consent. The letter was on WELLS FARGO BANK letterhead and signed by RAFAEL as a "Duly authorised signatory for and on behalf of WELLS FARGO BANK, N.A."

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore deny the allegations.

61.    In reliance on the representations made by WELLS FARGO ADVISORS and WELLS FARGO BANK at the in-person meetings on October 30, 2014, March 13, 2015, and March 16, 2015 and in the May 12, 2015 Wells Fargo Letter, ADANA agreed to loan the $15 million to WVP on May 15, 2015.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 61 regarding their purported representations at the October 30, 2014 meeting.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the Complaint and therefore deny the allegations.

62.    On May 15, 2015, ADANA and WVP entered into a Bridging Facility Agreement, dated as of May 15, 2015 (the "May 15, 2015 Loan Agreement").

**ANSWER**:   Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 62 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

21

63.     That same day, on May 15, 2015, WVP drew down the loan proceeds, and instructed ADANA to deposit the $15 million in loan proceeds into an account in the name of FCC (account no. xxxxxx5075) at WELLS FARGO BANK (the "FCC Wells Fargo Account").

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore deny the allegations.

64.     Pursuant to the May 15, 2015 Loan Agreement, WVP was to repay ADANA, with interest, within 125 days of WVP's drawdown of the loan proceeds (*i.e.*, by September 20, 2015).

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 64 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

65.     After ADANA deposited the $15 million into the FCC Wells Fargo Account, ADANA requested confirmation from the Forrest Capital Parties and WELLS FARGO BANK that the funds had been received and that the account restrictions were in place.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore deny the allegations.

66.     On May 28, 2015, FCP provided a letter to ADANA, in which FCP represented that FCP had "matched the contribution and allocated applicable resources to complete the

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

financing of our project's budget," and "The appropriate compliance officer and the undersigned bank officer/notary have verified funds and all related documents, contracts and internal requirement have been filed and processed."

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 66 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

67.     RAFAEL notarized FCP's May 28, 2015 letter.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore deny the allegations.

68.     Despite FCP's representation, ADANA requested confirmation directly from WELLS FARGO BANK that it had received ADANA's loan proceeds and FCP's matched contribution.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore deny the allegations.

69.     On June 2, 2015, Burlingham, on behalf of ADANA, emailed McConley and RAFAEL at his WELLS FARGO BANK email address (benjamin.rafael@wellsfargo.com): "can I please ask Benjamin Rafael to provide email confirmation replying all to this email of the hard

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

posting and FCP matching of the $15m Adana slate finance contribution pending issuance of the formal bank letter/signature cards etc for Adana."

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore deny the allegations.

70.    In response, on June 2, 2015, RAFAEL, from his WELLS FARGO BANK email address (benjamin.rafael@wellsfargo.com), emailed the following representation to ADANA: "The contribution has been received and matched by Forrest Capital and everything is set. We are processing all the requirements and moving forward. The signature cards are on their way."

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore deny the allegations.

71.    Upon information and belief, WELLS FARGO BANK was monitoring or should have been monitoring RAFAEL's emails. According to the Wells Fargo Team Member Handbook (January 2016), "Wells Fargo will monitor and may control access to and use of its equipment and electronic communication systems, including but not limited to original and backup copies of email," and "Wells Fargo monitors and filters all email messages based on specific content, including unencrypted sensitive information (for example, Social Security numbers, financial account numbers)."

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 71 of the Complaint relate to the contents of documents that speak for

24

themselves.   To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch

deny the allegations.

72.     Though unknown to ADANA at the time, the representations in FCP's May 28,

2015 letter, notarized by RAFAEL on behalf of WELLS FARGO BANK, and RAFAEL's June

2, 2015 email from his WELLS FARGO BANK email address, were completely false.

**ANSWER**:  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and

therefore deny the allegations.

73.     In reality, FCP never made its matched contribution of $15 million. There never

was a line of credit in favor of FCP of any kind.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and

therefore deny the allegations.

74.     To the contrary, by June 2, 2015, the Forrest Capital Parties had already converted

$13.7 million of ADANA's $15 million.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and

therefore deny the allegations.

75.     On May 19, 2015, FCC, the holder of the account into which ADANA deposited

the $15 million in loan proceeds, made two transfers of $750,000 and one transfer of $500,000

out of the FCC Wells Fargo Account and into an existing account (account no. xxxxxx5059) in

the name of FCP at WELLS FARGO BANK (the "FCP Wells Fargo Account").

**GREENBERG TRAURIG, P.A.** ■ **ATTORNEYS AT LAW** ■ **WWW.GTLAW.COM**

WHP 556559276v2

__ANSWER__: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and therefore deny the allegations.

76.   Then over the two-week period from May 21, 2015 through June 4, 2015, FCC made a series of 16 transfers of $900,000 each out of the FCC Wells Fargo Account and into the FCP Wells Fargo Account.

__ANSWER__: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and therefore deny the allegations.

77.   Upon receipt of ADANA's funds, FCP made a series of large, whole number transfers to accounts in the names of McConley (also at WELLS FARGO BANK), Van Eman, and others.

__ANSWER__: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and therefore deny the allegations.

78.   According to the account records for the FCP Wells Fargo Account, WELLS FARGO BANK received a benefit from these numerous transfers in the form of transaction fees.

__ANSWER__: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and therefore deny the allegations.

79.   The representations in FCP's May 28, 2015 letter, notarized by RAFAEL on behalf of WELLS FARGO BANK, and RAFAEL's June 2, 2015 email from his WELLS

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

FARGO BANK email address concealed the Forrest Capital Parties' conversion of ADANA's $15 million.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore deny the allegations.

80.     Had ADANA discovered that FCC and FCP had transferred away the $15 million in loan proceeds to accounts in the names of McConley and Van Eman and others, ADANA would never have made additional loans to WVP or deposited additional funds into the FCC Wells Fargo Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore deny the allegations.

81.     On June 22, 2015, ADANA agreed to make what it understood to be a second short-term bridge loan to WVP for $2.3 million.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and therefore deny the allegations.

82.     The June 22, 2015 loan was made under the auspices of the same banking framework that had been described to ADANA by agents of the WELLS FARGO DEFENDANTS.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

83.     In agreeing to make the June 22, 2015 loan to WVP, ADANA relied on the representations made by WELLS FARGO ADVISORS and WELLS FARGO BANK at the in-person meetings on October 30, 2014, March 13, 2015, and March 16, 2015.

**ANSWER**:  Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 83 regarding their purported representations.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Complaint and therefore deny the allegations.

84.     ADANA also relied on what it believed to be was the successful start to the May 15, 2015 loan transaction.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore deny the allegations.

85.     ADANA further relied on a letter, dated June 18, 2015, from WELLS FARGO BANK (the "June 18, 2015 Wells Fargo Letter"), which was provided to ADANA by Van Eman. In the letter, WELLS FARGO BANK confirmed that it would open an account to hold ADANA's loan proceeds, and that ADANA's loan proceeds would not be removed from the account without ADANA's express consent. The letter was on WELLS FARGO BANK letterhead, and signed by RAFAEL as "Duly authorised signatory for and on behalf of WELLS FARGO BANK, N.A."

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

86.     On June 22, 2015, ADANA and WVP entered into a Bridging Facility Agreement, dated as of June 22, 2015 (the "June 22, 2015 Loan Agreement").

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 86 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

87.     As with the May 15, 2015 loan, WVP instructed ADANA to deposit the loan proceeds from the June 22, 2015 loan into the FCC Wells Fargo Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore deny the allegations.

88.     Accordingly, on June 22, 2015, ADANA, at the instruction of WVP, deposited $2,242,500 into FCC's Wells Fargo Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore deny the allegations.

89.     Pursuant to the June 22, 2015 Loan Agreement, WVP was to repay ADANA, with interest, within 125 days of WVP's drawdown of the loan proceeds (*i.e.*, by October 25, 2015).

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the

29

allegations of Paragraph 89 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

90.     On July 13, 2015, ADANA agreed to make what it understood to be a third short-term bridge loan to WVP for $11.3 million, under the auspices of the same banking framework that had been described to them by agents of the WELLS FARGO DEFENDANTS.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore deny the allegations.

91.     Again, in agreeing to make the July 13, 2015 loan to WVP, ADANA relied on the representations made by WELLS FARGO ADVISORS and WELLS FARGO BANK at the in-person meetings on October 30, 2014, March 13, 2015, and March 16, 2015.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 91 regarding their purported representations.  Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore deny the allegations.

92.     ADANA also relied on what it believed to be was the successful start to the May 15, 2015 loan transaction.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore deny the allegations.

93.     On July 13, 2015, ADANA and WVP entered into a Bridging Facility Agreement, dated as of July 13, 2015 (the "July 13, 2015 Loan Agreement").

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 93 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

94.     As with the May 15, 2015 and June 22, 2015 loans, WVP instructed ADANA to deposit the loan proceeds from the July 13 2015 loan into the FCC Wells Fargo Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and therefore deny the allegations.

95.     Accordingly, on July 13, 2015, ADANA, at the instruction of WVP, deposited $11.3 million into FCC's Wells Fargo Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and therefore deny the allegations.

96.     Pursuant to the July 13, 2015 Loan Agreement, WVP was to repay ADANA, with interest, within 125 days of WVP's drawdown of the loan proceeds (*i.e.*, by November 15, 2015).

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 96 of the Complaint relate to the contents of documents that speak for

31

themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

97.     As with the proceeds from the May 15, 2015 loan, and unbeknownst to ADANA at the time, the Forrest Capital Parties converted the proceeds from the June 22, 2015 and July 13, 2015 loans almost as soon as the proceeds were deposited into the FCC Wells Fargo Bank Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and therefore deny the allegations.

98.     Again, the conversion was accomplished through the systematic transfer of large, whole number amounts to the FCP Wells Fargo Account, and then to Van Eman and others. For example, over a three-day period from July 14–16, 2015, FCC made 12 transfers of $900,000 each to FCP.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint and therefore deny the allegations.

99.     Again, according to the account records for the FCP Wells Fargo Account, WELLS FARGO BANK received a benefit from these numerous transfers in form of transaction fees.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and therefore deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

100.    Two weeks later, on July 31, 2015, WELLS FARGO BANK closed the FCC Wells Fargo Account, according to the account records for the FCC Wells Fargo Account, for "Loss Prevention."

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and therefore deny the allegations.

101.    The following week, on August 6, 2015, WELLS FARGO BANK closed the FCP Wells Fargo Account and an account in the name of McConley, according to the account records for each account, both for "Loss Prevention."

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and therefore deny the allegations.

102.    On September 20, 2015, the May 15, 2015 loan came due, but WVP failed to repay ADANA.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and therefore deny the allegations.

103.    ADANA then tried to contact RAFAEL, but received a bounce-back from his WELLS FARGO BANK email account on October 19, 2015.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and therefore deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

104.    Unbeknownst to ADANA, WELLS FARGO BANK had terminated RAFAEL's employment on June 18, 2015, purportedly for excessive tardiness.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and therefore deny the allegations.

105.    Two days prior, on June 16, 2015, according to account records for the FCP Account, FCP transferred $250,000 to an account at Regions Banks in the name of Capital B, LLC. According to records filed with the Florida Secretary of State, Capital B, LLC is an entity controlled by RAFAEL.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 105 of the Complaint relate to the contents of publicly available documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

106.    But, despite RAFAEL's termination, WELLS FARGO BANK failed to disable RAFAEL's email account at WELLS FARGO BANK for over one month.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore deny the allegations.

107.    After June 18, 2015, and throughout June and July 2015, RAFAEL's email address at WELLS FARGO BANK continued to be copied on email communications between

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

Burlingham and Vandermolen and the Forrest Capital Parties, but RAFAEL's email account did not trigger a bounce-back.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint and therefore deny the allegations.

108.   Also, despite his termination, on July 14, 2015, WELLS FARGO BANK permitted RAFAEL to open an account in the name of his company, Capital B, LLC. As part of this process, RAFAEL signed a statement of entity ownership and control for Capital B, LLC. As a result, as of no later than July 14, 2015, WELLS FARGO BANK had knowledge that one of its customers, FCP, in the course of transferring millions of dollars through its accounts, transferred $250,000 to one of WELLS FARGO BANK's own employees.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and therefore deny the allegations.

109.   When ADANA demanded to speak with another representative of WELLS FARGO BANK, the Forrest Capital Parties offered to introduce ADANA to yet another one of their bankers, BERMUDEZ.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and therefore deny the allegations.

110.   ADANA has since learned that BERMUDEZ was instrumental in the conversion of ADANA's money from behind the scenes.

GREENBERG TRAURIG, P.A.   ■   ATTORNEYS AT LAW   ■   WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and therefore deny the allegations.

111.   WELLS FARGO BANK's internal records reveal that, as of May 15, 2015, BERMUDEZ was a banker linked with the "MCCONLEY, BENJAMIN & Forrest Capital Relationship." Prior to then and until May 15, 2015, WELLS FARGO BANK's internal records reveal that BERMUDEZ was linked with the "FORREST CAPITAL & COMPANY Relationship." It was ZOCH who removed BERMUDEZ from being linked with the FCC relationship.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 111 of the Complaint relate to the contents of documents that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

112.   On   October   20,   2015,   McConley   emailed   BERMUDEZ   at hernan.bermudez@wellsfargo.com, and asked him to speak with ADANA "to confirm FCP accounts are in good standing and account management as we complete our project."

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and therefore deny the allegations.

113.   A few weeks later, on November 6, 2015, WELLS FARGO BANK and/or WELLS FARGO ADVISORS terminated BERMUDEZ's employment. In reporting

36

BERMUDEZ's termination to FINRA, WELLS FARGO ADVISORS provided the following reason: "Did not follow Bank's procedures relating to the opening of business bank accounts. Specifically, relied upon information received by email instead of speaking with or meeting with the account owners."

**ANSWER**: Wells Fargo Advisors and Zoch deny that Bermudez was an employee of Wells Fargo Advisors, and deny that Wells Fargo Advisors terminated Bermudez's employment. Answering further, Wells Fargo Advisors and Zoch state that the remaining allegations of Paragraph 113 of the Complaint relate to the contents of documents that speak for themselves. To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

114.    Upon information and belief, BERMUDEZ opened the business bank accounts for FCC and/or FCP.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and therefore deny the allegations.

115.    As of the filing of this Complaint, the Forrest Capital Parties continue to deprive ADANA of its $28,542,500, plus over $9 million in interest. As of the filing of this Complaint, the Forrest Capital Parties owe ADANA in excess of $38 million with interest.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint and therefore deny the allegations.

116.    ADANA is not the only victim of the Forrest Capital Parties' scheme.

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and therefore deny the allegations.

117.   Since 2014, some combination of Van Eman, McConley, FCP, and FCC have been sued in no fewer than three civil actions, including twice in this District, for fraud, civil conspiracy, and/or conversion based on substantially similar film financing schemes. *See Anthony Buzbee v. Gayle Dickie, Jason Van Eman, Weathervane Productions, Inc., Forrest Capital Partners, Inc., Forrest Capital & Co., LLC, et al.*, Case No. 4:14-Cv-03431 (S.D. Tx.) (initial complaint filed in state court on Oct. 2, 2014); *Dane A. Miller v. Benjamin Forrest McConley*, Case No. 0:14-cv-62449-WPD (S.D. Fla.) (initial complaint filed on Oct. 28, 2014); *Superhuman International Pty Ltd. v. Benjamin Forrest McConley, Jason Van Eman, Forrest Capital, Partners, Inc., Weathervane Productions, Inc., et al.*, Case No. 1:15-cv-22690-CMA (S.D. Fla.) (initial complaint filed on July 17, 2015).

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and therefore deny the allegations.  Answering further, Wells Fargo Advisors and Zoch state that the allegations of Paragraph 117 of the Complaint relate to the contents of publicly available court filings that speak for themselves.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

118.   The WELLS FARGO DEFENDANTS and their employees were involved in each of the loans that precipitated these lawsuits.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 118 of the Complaint.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

119.    In the *Superhuman* case, the Forrest Capital Parties used RAFAEL as their banker.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and therefore deny the allegations.

120.    Whereas, in the *Miller* case, the Forrest Capital Parties used BERMUDEZ as their banker.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and therefore deny the allegations.

121.    In addition to the active participation of their officers and employees in the Forrest Capital Parties' conversion of other victims' funds, the WELLS FARGO DEFENDANTS have been on actual notice of allegations of fraud and conversion against FCC and FCP by virtue of being named defendants in the *Buzbee* case.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 121 of the Complaint.

122.    On November 19, 2014, WELLS FARGO ADVISORS and WELLS FARGO BANK were added as defendants in the *Buzbee* case.

**ANSWER**: Wells Fargo Advisors and Zoch state that the allegations of Paragraph 122 of the Complaint relate to the contents of publicly available court filings that speak for themselves. To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

123.    On November 25, 2014, WELLS FARGO ADVISORS and WELLS FARGO BANK appeared in the *Buzbee* action, and were represented by the same attorney of record.

**ANSWER**: Wells Fargo Advisors and Zoch state that the allegations of Paragraph 123 of the Complaint relate to the contents of publicly available court filings that speak for themselves. To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

124.    On December 9, 2014, Buzbee filed a Motion for Preliminary Injunction that set forth the details of the Forrest Capital Parties' scheme.

**ANSWER**: Wells Fargo Advisors and Zoch state that the allegations of Paragraph 124 of the Complaint relate to the contents of publicly available court filings that speak for themselves. To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

125.    As of no later than December 9, 2014, WELLS FARGO ADVISORS and WELLS FARGO BANK received actual notice of the allegations of fraud and conversion against FCC and FCP, which involved the use of accounts at WELLS FARGO ADVISORS and WELLS FARGO BANK in the name of and/or controlled by FCC and FCP.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 125 of the Complaint.

126.    Despite WELLS FARGO BANK's actual knowledge that the Forrest Capital Parties were using accounts in the names of FCC and FCP to defraud lenders and convert funds, WELLS FARGO BANK failed to sever its relationships with FCC, FCP, and McConley, close their accounts in a timely manner, and/or prevent FCC, FCP, and McConley from opening new accounts with WELLS FARGO BANK.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint and therefore deny the allegations.

127.    In fact, on August 6, 2015, the very same day that WELLS FARGO BANK finally closed the FCP Wells Fargo Account and the McConley account for "Loss Prevention," BERMUDEZ assisted in the opening of an account in the name of an entity called, FCP Master Holdings LLC. Aaron McConley (Benjamin McConley's brother) was made the signatory. Upon information and belief, additional lenders have been defrauded by the FCP Parties through the same fraudulent film financing scheme with the use of this new FCP Master Holdings Account.

**ANSWER**: Wells Fargo Advisors and Zoch lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint and therefore deny the allegations.

128.    Upon information and belief, despite WELLS FARGO ADVISORS' actual knowledge that the Forrest Capital Parties were using accounts in the names of FCC and FCP to defraud lenders and convert funds, WELLS FARGO ADVISORS failed to sever its relationships with FCC, FCP, and McConley, close their accounts in a timely manner, and/or prevent FCC, FCP, and McConley from opening new accounts with WELLS FARGO ADVISORS.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 128 of the Complaint.

129.    All conditions precedent to the institution of this action have been met, occurred or waived.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**: The allegations contained in Paragraph 129 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations.

**COUNT I**
**AIDING AND ABETTING CONVERSION**
**(AGAINST THE WELLS FARGO DEFENDANTS)**

130.    ADANA re-alleges paragraphs 1 through 129 above, as if fully set forth herein.

**ANSWER**: Wells Fargo Advisors incorporates the foregoing Answers to Paragraphs 1-129 of the Complaint in response to Paragraph 130 of the Complaint.  The allegations contained in Paragraph 130 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

131.    As of no later than September 20, 2015, pursuant to the May 15, 2015 Loan Agreement, ADANA has had the immediate right to possess the $15 million it deposited into the FCC Wells Fargo Account.

**ANSWER**: The allegations contained in Paragraph 131 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors states that the allegations of Paragraph 131 of the Complaint relate to the contents of documents that speak for themselves. To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  The allegations contained in Paragraph 131 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

42

132.   As of no later than October 25, 2015, pursuant to the June 22, 2015 Loan Agreement, ADANA has had the immediate right to possess the $2,242,500 million it deposited into the FCC Wells Fargo Account.

**ANSWER**: The allegations contained in Paragraph 132 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.   Answering further, Wells Fargo Advisors states that the allegations of Paragraph 132 of the Complaint relate to the contents of documents that speak for themselves.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.   Further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 132 are not directed at Zoch, thus no responsive pleading is required.   To the extent a responsive pleading is required, Zoch denies the allegations.

133.   As of no later than November 15, 2015, pursuant to the July 13, 2015 Loan Agreement, ADANA has had the immediate right to possess the $11.3 million it deposited into the FCC Wells Fargo Account.

**ANSWER**: The allegations contained in Paragraph 133 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.   Answering further, Wells Fargo Advisors states that the allegations of Paragraph 133 of the Complaint relate to the contents of documents that speak for themselves.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations. Further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint and

43

therefore denies the allegations.  The allegations contained in Paragraph 133 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

134.    The $28,542,500 deposited into the FCC Wells Fargo Account is the property of ADANA.

**ANSWER**: The allegations contained in Paragraph 134 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 134 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

135.    The Forrest Capital Parties are wrongfully asserting dominion and control over ADANA's property by misappropriating ADANA's $28,542,500 for their personal use and benefit.

**ANSWER**: The allegations contained in Paragraph 135 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 135 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

136.   The Forrest Capital Parties' conversion of ADANA's $28,542,500 has permanently deprived ADANA of its property, causing financial injury and damage to ADANA.

**ANSWER**: The allegations contained in Paragraph 136 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 136 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

137.   ADANA has demanded that the Forrest Capital Parties return the $28,542,500 to ADANA and, indeed, has already filed and vigorously prosecuted a lawsuit against the Forrest Capital Parties demanding the return of the $28,542,500, and the Forrest Capital Parties have refused thus far to do so. Any further attempts by ADANA to make demand upon Forrest Capital Parties for the return of its property would be futile.

**ANSWER**: The allegations contained in Paragraph 137 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 137 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

138.   The Forrest Capital Parties have converted ADANA's $28,542,500 that was deposited into the FCC Wells Fargo Bank Account.

45

**ANSWER**: The allegations contained in Paragraph 138 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 138 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

139.    At all times material hereto, ZOCH was acting in the scope of his employment as a Financial Advisor and Assistant Vice President and for the benefit of WELLS FARGO ADVISORS and/or WELLS FARGO BANK.

**ANSWER**: The allegations contained in Paragraph 139 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors admits that Zoch has been employed by Wells Fargo Advisors since 2011.  Wells Fargo Advisors denies the remaining allegations contained in Paragraph 139 of the Complaint.  The allegations contained in Paragraph 139 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

140.    At all times material hereto, BERMUDEZ was acting in the scope of his employment as a Regional Bank Private Banker and Assistant Vice President and for the benefit of WELLS FARGO ADVISORS and/or WELLS FARGO BANK.

**ANSWER**: The allegations contained in Paragraph 140 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.   Wells Fargo Advisors denies that

46

Bermudez was employed by Wells Fargo Advisors.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140 of the Complaint and therefore denies the allegations. The allegations contained in Paragraph 140 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

141.    At all times material hereto, RAFAEL was acting in the scope of his employment as a banker and for the benefit of WELLS FARGO BANK.

**ANSWER**: The allegations contained in Paragraph 141 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Answering further, Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 141 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

142.    Upon information and belief, the WELLS FARGO DEFENDANTS provided substantial assistance to the Forrest Capital Parties in their conversion of ADANA's $28,542,500 by violating banking regulations, including the "Know Your Customer" requirements of the Bank Secrecy Act.

**ANSWER**: Wells Fargo Advisors denies the allegations contained in Paragraph 142 of the Complaint.  The allegations contained in Paragraph 142 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

143.   The WELLS FARGO DEFENDANTS, through their officers and employees while acting within the scope of their employment as well as through their monitoring of employee emails, had knowledge of the Forrest Capital Parties' conversion of ADANA's funds.

**ANSWER**: Wells Fargo Advisors denies the allegations contained in Paragraph 143 of the Complaint.  The allegations contained in Paragraph 143 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

144.   The WELLS FARGO DEFENDANTS, through their officers and employees while acting within the scope of their employment, actively provided substantial assistance to the Forrest Capital Parties in their conversion of ADANA's $28,542,500. As more fully described throughout this Complaint, the WELLS FARGO DEFENDANTS' substantial assistance included, without limitation, vouching for the legitimacy of the Forrest Capital Parties at meetings held in boardrooms at branches of both WELLS FARGO BANK and WELLS FARGO ADVISORS. In addition, WELLS FARGO BANK provided written assurances to ADANA that its loan proceeds would be secure. Further, WELLS FARGO BANK provided written assurances to ADANA that actively concealed the Forrest Capital Parties' conversion of the loan proceeds from the May 15, 2015 loan. This concealment, in turn, substantially assisted the Forrest Capital Parties' conversion of the loan proceeds from the June 22, 2015 and July 13, 2015 loans.

**ANSWER**: The allegations contained in the first sentence of Paragraph 144 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.  Wells Fargo Advisors denies the allegations contained in the second sentence of Paragraph 144 of the Complaint.  Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as

48

to the truth of the remaining allegations contained in Paragraph 144 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 144 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

145.    The WELLS FARGO DEFENDANTS, by virtue of being named defendants in the *Buzbee* case, had actual knowledge of the Forrest Capital Parties' fraudulent film financing scheme.

**ANSWER**: Wells Fargo Advisors denies the allegations contained in Paragraph 145 of the Complaint.  The allegations contained in Paragraph 145 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

146.    The WELLS FARGO DEFENDANTS provided substantial assistance to the Forrest Capital Parties in their conversion of ADANA's $28,542,500 by failing to shut down and/or prevent the opening of accounts in the name of and/or controlled by FCC and FCP after receiving actual knowledge that FCC and FCP were using their accounts at WELLS FARGO ADVISORS and WELLS FARGO BANK to perpetrate a fraudulent film financing scheme to convert lenders' funds.

**ANSWER**: Wells Fargo Advisors denies the allegations contained in Paragraph 146 of the Complaint.  The allegations contained in Paragraph 146 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

147.    The WELLS FARGO DEFENDANTS' actions were willful, and have directly caused and continue to cause injury and damage to ADANA.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

**ANSWER**: Wells Fargo Advisors denies the allegations contained in Paragraph 147 of the Complaint.  The allegations contained in Paragraph 147 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

**COUNT II**
**AIDING AND ABETTING CONVERSION**
**(AGAINST RAFAEL)**

148-159.   The allegations contained in Paragraphs 148-159 are not directed at Wells Fargo Advisors or Zoch, thus no responsive pleading is required.   To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations contained in Paragraphs 148-159 of the Complaint.

**COUNT III**
**AIDING AND ABETTING CONVERSION**
**(AGAINST ZOCH)**

160.   ADANA re-alleges paragraphs 1 through 129 above, as if fully set forth herein.

**ANSWER**: Zoch incorporates the foregoing Answers to Paragraphs 1-129 of the Complaint in response to Paragraph 160 of the Complaint.   The allegations contained in Paragraph 160 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

161.   As of no later than September 20, 2015, pursuant to the May 15, 2015 Loan Agreement, ADANA has had the immediate right to possess the $15 million it deposited into the FCC Wells Fargo Account.

**ANSWER**: The allegations contained in Paragraph 161 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.   To the extent a responsive pleading is required, Zoch denies the allegations.   Answering further, Zoch states that the allegations of

50

Paragraph 161 of the Complaint relate to the contents of documents that speak for themselves. To the extent a responsive pleading is required, Zoch denies the allegations. The allegations contained in Paragraph 161 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

162.   As of no later than October 25, 2015, pursuant to the June 22, 2015 Loan Agreement, ADANA has had the immediate right to possess the $2,242,500 million it deposited into the FCC Wells Fargo Account.

**ANSWER**: The allegations contained in Paragraph 162 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Zoch denies the allegations.  Answering further, Zoch states that the allegations of Paragraph 161 of the Complaint relate to the contents of documents that speak for themselves. To the extent a responsive pleading is required, Zoch denies the allegations.  Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 162 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

163.   As of no later than November 15, 2015, pursuant to the July 13, 2015 Loan Agreement, ADANA has had the immediate right to possess the $11.3 million it deposited into the FCC Wells Fargo Account.

**ANSWER**: The allegations contained in Paragraph 163 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

required, Zoch denies the allegations.   Answering further, Zoch states that the allegations of Paragraph 161 of the Complaint relate to the contents of documents that speak for themselves. To the extent a responsive pleading is required, Zoch denies the allegations.   Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 163 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

164.    The $28,542,500 deposited into the FCC Wells Fargo Account is the property of ADANA.

**ANSWER**: The allegations contained in Paragraph 164 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.   To the extent a responsive pleading is required, Zoch denies the allegations.  Answering further, Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 164 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

165.    The Forrest Capital Parties are wrongfully asserting dominion and control over ADANA's property by misappropriating ADANA's $28,542,500 for their personal use and benefit.

**ANSWER**: The allegations contained in Paragraph 165 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.   To the extent a responsive pleading is required, Zoch denies the allegations.  Answering further, Zoch lacks knowledge or information

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 165 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

166.   The Forrest Capital Parties' conversion of ADANA's $28,542,500 has permanently deprived ADANA of its property, causing financial injury and damage to ADANA.

**ANSWER**: The allegations contained in Paragraph 166 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Zoch denies the allegations.  Answering further, Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 166 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

167.   ADANA has demanded that the Forrest Capital Parties return the $28,542,500 to ADANA and, indeed, has already filed and vigorously prosecuted a lawsuit against the Forrest Capital Parties demanding the return of the $28,542,500, and the Forrest Capital Parties have refused thus far to do so. Any further attempts by ADANA to make demand upon Forrest Capital Parties for the return of its property would be futile.

**ANSWER**: The allegations contained in Paragraph 167 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Zoch denies the allegations.  Answering further, Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 167 are

53

not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

168.    The Forrest Capital Parties have converted ADANA's $28,542,500 that was deposited into the FCC Wells Fargo Bank Account.

**ANSWER**: The allegations contained in Paragraph 168 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary.  To the extent a responsive pleading is required, Zoch denies the allegations.  Answering further, Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 168 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

169.    ZOCH had knowledge of the Forrest Capital Parties' conversion of ADANA's funds.

**ANSWER**: Zoch denies the allegations contained in Paragraph 169 of the Complaint. The allegations contained in Paragraph 169 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

170.    ZOCH actively provided substantial assistance to the Forrest Capital Parties in their conversion of ADANA's $28,542,500. As more fully described throughout this Complaint, ZOCH's substantial assistance included, without limitation, vouching for the legitimacy of the Forrest Capital Parties at the meeting held at WELLS FARGO ADVISORS.

**ANSWER**: Zoch denies the allegations contained in Paragraph 170 of the Complaint. The allegations contained in Paragraph 170 are not directed at Wells Fargo Advisors, thus no

54

responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

171.    ZOCH's actions were willful, and have directly caused and continue to cause injury and damage to ADANA.

**ANSWER**: Zoch denies the allegations contained in Paragraph 171 of the Complaint. The allegations contained in Paragraph 171 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

**COUNT IV**
**AIDING AND ABETTING CONVERSION**
**(AGAINST BERMUDEZ)**

172-184.    The allegations contained in Paragraphs 172-184 are not directed at Wells Fargo Advisors or Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations contained in Paragraphs 172-184 of the Complaint.

**COUNT V**
**FRAUDULENT MISREPRESENTATION**
**(AGAINST WELLS FARGO BANK)**

185-193.    The allegations contained in Paragraphs 185-193 are not directed at Wells Fargo Advisors or Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations contained in Paragraphs 185-193 of the Complaint.

**COUNT VI**
**FRAUDULENT MISREPRESENTATION**
**(AGAINST WELLS FARGO ADVISORS)**

194.    ADANA re-alleges paragraphs 1 through 129 above, as if fully set forth herein.

55

**ANSWER**: Wells Fargo Advisors incorporates the foregoing Answers to Paragraphs 1-129 of the Complaint in response to Paragraph 194 of the Complaint. The allegations contained in Paragraph 194 are not directed at Zoch, thus no responsive pleading is required. To the extent a responsive pleading is required, Zoch denies the allegations.

195. At all times material hereto, ZOCH was acting in the scope of his employment as a Financial Advisor and Assistant Vice President and for the benefit of WELLS FARGO ADVISORS.

**ANSWER**: The allegations contained in Paragraph 195 of the Complaint call for a legal conclusion, thus no responsive pleading is necessary. To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations. Answering further, Wells Fargo Advisors admits that Zoch has been employed by Wells Fargo Advisors since 2011. Wells Fargo Advisors denies the remaining allegations contained in Paragraph 195 of the Complaint. The allegations contained in Paragraph 195 are not directed at Zoch, thus no responsive pleading is required. To the extent a responsive pleading is required, Zoch denies the allegations.

196. As described herein, the Forrest Capital Parties' perpetrated a scheme to convert ADANA's property.

**ANSWER**: Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 196 of the Complaint and therefore denies the allegations. The allegations contained in Paragraph 196 are not directed at Zoch, thus no responsive pleading is required. To the extent a responsive pleading is required, Zoch denies the allegations.

**GREENBERG TRAURIG, P.A.** ■ **ATTORNEYS AT LAW** ■ **WWW.GTLAW.COM**

WHP 556559276v2

197.    In furtherance of the Forrest Capital Parties' scheme, WELLS FARGO ADVISORS, through ZOCH, made material false statements and representations, including, without limitation, those statements and representations set forth in paragraphs 37 through 42.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 197 of the Complaint.

198.    WELLS FARGO ADVISORS, through ZOCH, intended ADANA to act on the knowingly false representations set forth in paragraphs 37 through 42.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 198 of the Complaint.

199.    At the time, ADANA did not know the statements and representations set forth in paragraphs 37 through 42 were false.

**ANSWER**: Wells Fargo Advisors lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint and therefore denies the allegations.  The allegations contained in Paragraph 199 are not directed at Zoch, thus no responsive pleading is required.  To the extent a responsive pleading is required, Zoch denies the allegations.

200.    ADANA justifiably relied to its detriment upon the statements and representations made by WELLS FARGO ADVISORS through ZOCH.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 200 of the Complaint.

201.    As a direct and proximate result of WELLS FARGO ADVISORS, through ZOCH, making the statements and representations set forth in paragraphs 37 through 42,

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

WHP 556559276v2

ADANA has sustained injury and damage in excess of $38 million with interest as of the date of the filing of the complaint, and continues to be injured and damaged.

**ANSWER**: Wells Fargo Advisors and Zoch deny the allegations contained in Paragraph 201 of the Complaint.

## COUNT VII
## FRAUDULENT MISREPRESENTATION
### (AGAINST RAFAEL)

202-208.     The allegations contained in Paragraphs 202-208 are not directed at Wells Fargo Advisors or Zoch, thus no responsive pleading is required.   To the extent a responsive pleading is required, Wells Fargo Advisors and Zoch deny the allegations contained in Paragraphs 202-208 of the Complaint.

## COUNT VIII
## FRAUDULENT MISREPRESENTATION
### (AGAINST ZOCH)

209.     ADANA re-alleges paragraphs 1 through 129 above, as if fully set forth herein.

**ANSWER**: Zoch incorporates the foregoing Answers to Paragraphs 1-129 of the Complaint in response to Paragraph 209 of the Complaint.   The allegations contained in Paragraph 209 are not directed at Wells Fargo Advisors, thus no responsive pleading is required. To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

210.     As described herein, the Forrest Capital Parties' perpetrated a scheme to convert ADANA's property.

**ANSWER**: Zoch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 210 are not directed at Wells

58

Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

211.    In furtherance of the Forrest Capital Parties' scheme, ZOCH made material false statements and representations, including, without limitation, those statements and representations set forth in paragraphs 37 through 42.

**ANSWER**: Zoch denies the allegations contained in Paragraph 211 of the Complaint. The allegations contained in Paragraph 211 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

212.    ZOCH intended ADANA to act on the knowingly false representations set forth in paragraphs 37 through 42.

**ANSWER**: Zoch denies the allegations contained in Paragraph 212 of the Complaint. The allegations contained in Paragraph 212 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

213.    At the time, ADANA did not know the statements and representations set forth in paragraphs 37 through 42 were false.

**ANSWER**: Zoch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Complaint and therefore denies the allegations.   The allegations contained in Paragraph 213 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.   To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

214.    ADANA justifiably relied to its detriment upon the statements and representations made by ZOCH.

**ANSWER**: Zoch denies the allegations contained in Paragraph 214 of the Complaint. The allegations contained in Paragraph 214 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

215.    As a direct and proximate result of ZOCH making the statements and representations set forth in paragraphs 37 through 42, ADANA has sustained injury and damage in excess of $38 million with interest as of the date of the filing of the complaint, and continues to be injured and damaged.

**ANSWER**: Zoch denies the allegations contained in Paragraph 215 of the Complaint. The allegations contained in Paragraph 215 are not directed at Wells Fargo Advisors, thus no responsive pleading is required.  To the extent a responsive pleading is required, Wells Fargo Advisors denies the allegations.

## AFFIRMATIVE DEFENSES

Wells Fargo Advisors and Zoch hereby repeat, reallege and incorporate herein their responses to the allegations in Paragraphs 1 through 215 of the Complaint and plead their Affirmative Defenses in the alternative and without prejudice to their Answer thereto.  Wells Fargo Advisors and Zoch will rely on all defenses available to them at the time of trial of this matter and reserve the right to amend their Answer and Affirmative Defenses.  For their affirmative defenses, Wells Fargo Advisors and Zoch allege as follows, without assuming the burden of proof where such burden is otherwise on Plaintiff:

**GREENBERG TRAURIG, P.A.**  ■  **ATTORNEYS AT LAW**  ■  **WWW.GTLAW.COM**

WHP 556559276v2

## First Affirmative Defense – *In Pari Delicto*

Plaintiff's claims are barred in whole or in part by the doctrine of *in pari delicto*. Florida's usury laws prescribe a maximum rate of 25% on loans that exceed $500,000 pursuant to §687.071(2) Fla. Stat.   The interest rate on the underlying loan agreements exceeded the maximum rate.  Plaintiff cannot recover from transactions that are illegal and unenforceable.

## Second Affirmative Defense - Lack of Proximate Cause

Plaintiff's claims are barred in whole or in part because no act or omission by Wells Fargo Advisors or Zoch was the cause in fact or the proximate cause of any damages alleged. Rather, any and all harm was caused by Plaintiff's own actions in failing to conduct an inquiry or perform adequate due diligence.

Additionally and alternatively, Plaintiff's alleged losses were caused by the independent actions of third-parties Benjamin McConley, Jason Van Eman, Ross Marroso, Forrest Capital Partners, Inc., Forrest Capital and Co., LLC, Weathervane Productions, Inc., WVP Holdings, LLC, Lee Vandermolen and/or Alistair Burlingham which were not known or foreseen by Wells Fargo Advisors or Zoch.

## Third Affirmative Defense — Lack of Intent

Wells Fargo Advisors and its employees, including Zoch, were, at all relevant times, acting in good faith, without intent or fault, and as such, Plaintiff is barred from recovery on the Complaint, in whole or in part.

## Fourth Affirmative Defense — Lack of Knowledge

Wells Fargo Advisors and Zoch, in the exercise of reasonable care, did not know and could not have known of any of the alleged wrongful conduct from which Plaintiff was purportedly damaged.

GREENBERG TRAURIG, P.A.  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM

WHP 556559276v2

### Fifth Affirmative Defense – Unclean Hands

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Plaintiff acted in concert with third-parties Benjamin McConley, Jason Van Eman, Ross Marroso, Forrest Capital Partners, Inc., Forrest Capital and Co., LLC, Weathervane Productions, Inc., WVP Holdings, LLC, Lee Vandermolen and/or Alistair Burlingham in a scheme to wrongfully obtain funds from Wells Fargo Bank.

### Sixth Affirmative Defense — No Duty

Plaintiff's claims are barred because Wells Fargo Advisors and Zoch owed no duty to Plaintiff, who is not a customer of Wells Fargo Advisors.

### Seventh Affirmative Defense — Agency

Plaintiff's claims are barred under applicable agency principles and doctrines, including without limitation, those governing and addressing actual, apparent or implied authority; imputation; and the "adverse interest" exception.  To the extent any employee or other agent of Wells Fargo Advisors made any misrepresentations to Plaintiff regarding the Forrest Capital Parties or concerning the Forrest Capital Parties' accounts at Wells Fargo Advisors, such misrepresentations were made exclusively in his or her personal interest and not at the behest of or on behalf of Wells Fargo Advisors.  Instead, any such employee did so adverse to Wells Fargo Advisors' interests.

### Eighth Affirmative Defense — No Reliance

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any statements, representations made by Wells Fargo Advisors or Zoch, as no such statements were made directly to Plaintiff by Wells Fargo Advisors or Zoch.

**GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM**

WHP 556559276v2

### Ninth Affirmative Defense — Breach of Contract

Plaintiff's claims are barred because any alleged damages suffered by Plaintiff resulted from WVP's and the Forrest Capital Parties' breach of contract with Plaintiff, not from any intentional act on the part of Wells Fargo Advisors or Zoch.

### Tenth Affirmative Defense — Set-Off

To the extent that Plaintiff is entitled to recover from any loss from Wells Fargo Advisors or Zoch, such recovery must be offset to the extent that Plaintiff recovers such losses from other sources, whether via settlement, judgment or otherwise.

### Eleventh Affirmative Defense — Waiver and Estoppel

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

WHEREFORE, Defendants Wells Fargo Advisors and Paul Zoch respectfully request that this Court enter judgment in their favor on all counts asserted against them in Plaintiff's Complaint, together with costs and such further relief as the Court deems just and proper.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

By:/s/ *Beth A. Black*
Joseph A. Vallo, Esq., FBN:  972096
valloj@gtlaw.com
tousap@gtlaw.com
Beth A. Black, Esq., FBN: 116371
blackb@gtlaw.com
hernandezt@gtlaw.com
FLService@gtlaw.com
Lauren R. Whetstone, Esq., FBN 45192
whetstonel@gtlaw.com
whitfieldd@gtlaw.com
FLService@gtlaw.com
777 South Flagler Drive, Suite 300 E
West Palm Beach, Florida 33401
Telephone:  (561) 650–7900
Facsimile:  (561) 655-6222
*Attorneys for Defendants Wells Fargo Advisors, LLC and Paul Zoch*

63

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the __29th__ day of ___July___, 2016, I electronically filed Defendants WELLS FARGO ADVISORS, LLC's and PAUL ZOCH's Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

John D. Couriel, Esq.
Stephanie L. Hauser, Esq.
KOBRE & KIM LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
E-Mails: *john.couriel@kobrekim.com*
        *stephanie.hauser@kobrekim.com*

*Counsel for Plaintiff*

Rhonda A. Anderson, Esq.
RHONDA A. ANDERSON, P.A.
2655 LeJeune Road, Suite 540
Coral Gables, FL 33134
E-Mail: *randersonlaw@gmail.com*

*Counsel for Def., Benjamin Rafael*

Barbara J. Riesberg, Esq.
RIESBERGLAW
Biscayne Bank Tower
Suite 1100
2601 South Bayshore Drive
Miami, FL 33133
E-Mail: *Barbara@riesberglaw.com*

*Counsel for Def., Hernan Bermudez*

Charles M. Harris, Esq.
Beth Cronin, Esq.
Stephanie Leuthauser, Esq.
TRENAN KEMKER
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Emails: *C.Harris@trenam.com*
       *BCronin@trenam.com*
       *SLeuthauser@trenam.com*

*Counsel for Wells Fargo Bank, N.A.*

By:_____*/s/ Beth A. Black*_____
          Beth A. Black

**GREENBERG TRAURIG, P.A.** ■ **ATTORNEYS AT LAW** ■ **WWW.GTLAW.COM**

WHP 556559276v2