**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ADANA INVESTING, INC.,

      Plaintiff,

                                       Case No.:

v.                                 16-CV-21562-UNGARO/GOODMAN

WELLS FARGO BANK, N.A.,
WELLS FARGO ADVISORS, LLC,
BENJAMIN RAFAEL,
HERNAN BERMUDEZ,
and PAUL ZOCH,

      Defendants.

_____/

**DEFENDANT WELLS FARGO BANK, N.A.'S**
**<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

    Defendant Wells Fargo Bank, N.A. ("**<u>Wells Fargo</u>**"), through its counsel, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. states its answer and affirmative defenses to the Complaint filed by Plaintiff, Adana Investing, Inc. ("**<u>Plaintiff</u>**"):

**<u>ANSWER</u>**

    **Wells Fargo answers each numbered paragraph of the Complaint as follows:**

    1.    Wells Fargo admits that Plaintiff purports to bring this action for fraudulent misrepresentation and aiding and abetting conversion.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

    2.    Wells Fargo denies the allegations and proposed inferences in this paragraph.

    3.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

4.      Wells Fargo admits that it is a national bank with its principal place of business in California and is a wholly-owned subsidiary of Wells Fargo & Company.  Wells Fargo admits that it has over 600 bank locations in Florida.  Wells Fargo denies that it "displays its name over the Miami skyline."

5.      The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo admits that this Court has personal jurisdiction over Wells Fargo in this action and that Wells Fargo is engaged in business and has offices in Florida.  The remainder of this paragraph consists of conclusions of law to which no response is required.  To the extent the remainder of this paragraph contains any factual allegations or proposed inferences, they are denied.

6.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

7.      The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

8.      Wells Fargo admits that it is affiliated with Wells Fargo Advisors, LLC.

9.      Wells Fargo denies the allegations and proposed inferences in this paragraph.

10.     Wells Fargo denies the allegations of this paragraph as stated, but admits it provides private banking services.

11.     Wells Fargo denies the allegations of this paragraph as stated, but admits it provides private banking services.

12.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

13.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

14.     The allegations of this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning defendant Benjamin Rafael ("**Rafael**").

15.     Wells Fargo admits that Rafael was employed with Wells Fargo as a personal banker and that he worked in Miami.  Wells Fargo denies that Rafael was employed with Wells Fargo "at all relevant times until June 18, 2015," and denies any proposed inferences based on or arising therefrom.  To the extent Rafael engaged in conduct adverse to Wells Fargo's interests, Wells Fargo denies he was acting as an agent of Wells Fargo, and denies any proposed inferences based on or arising therefrom.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

16.     Wells Fargo admits Rafael was an employee of Wells Fargo.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

17.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

18.     The allegations of this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning defendant Paul Zoch ("**Zoch**").

19.     Wells Fargo denies the allegation that Zoch was employed by Wells Fargo, and denies any proposed inferences based on or arising from that allegation.  Wells Fargo is without

knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

20.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

21.     Wells Fargo denies the allegations and proposed inferences in this paragraph that Zoch was employed by Wells Fargo.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

22.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

23.     The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning defendant Hernan Bermudez ("**Bermudez**").

24.     Wells Fargo admits that Bermudez was employed with Wells Fargo and that he worked in Fort Lauderdale.  To the extent Bermudez engaged in conduct adverse to Wells Fargo's interests, Wells Fargo denies he was acting as an agent of Wells Fargo, and denies any proposed inferences based on or arising therefrom.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

25.     Wells Fargo admits Bermudez was an employee of Wells Fargo.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

26.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

27.     This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

28.     This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

29.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

30.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

31.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

32.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

33.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

34.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

35.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

36.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

37.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

38.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

39.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

40.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

41.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

42.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

43.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

44.     Wells Fargo admits that Rafael was employed with Wells Fargo as a personal banker and that he worked in Miami.  Wells Fargo denies that Rafael was employed with Wells Fargo "at all relevant times until June 18, 2015," and denies any proposed inferences based on or arising therefrom.  To the extent Rafael engaged in conduct adverse to Wells Fargo's interests, Wells Fargo denies he was acting as an agent of Wells Fargo, and denies any proposed inferences based on or arising therefrom.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

45.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

46.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.  Wells Fargo further denies that any conduct in which Rafael allegedly engaged (including any statements Rafael is alleged to have made) and any knowledge or intent Rafael is alleged to have had, is binding on or is imputed or attributed to Wells Fargo.

47.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.  Wells Fargo further denies that any conduct in which Rafael, Alastair Burlingham ("**Burlingham**"), or Lee Vandermolen ("**Vandermolen**") allegedly engaged (including any statements or representations they allegedly made or relayed to Plaintiff) was undertaken "on behalf of Wells Fargo," and denies that any knowledge or intent they are (or any of them is) alleged to have had is binding on or is imputed or attributed to Wells Fargo.

48.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

49.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

50.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

51.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.  Wells Fargo further denies that any conduct in which Rafael or the "unidentified officer" allegedly engaged (including any statements or representations they allegedly made) and any knowledge or intent Rafael or the "unidentified officer" are alleged to have had, is binding on or is imputed or attributed to Wells Fargo.

52.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

53.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.  Wells Fargo further denies that any conduct in which Rafael, Burlingham or Vandermolen allegedly engaged (including any statements or representations they allegedly made or relayed to Plaintiff) was undertaken "on behalf of Wells Fargo," and denies that any knowledge or intent they are (or any of them is) alleged to have had is binding on or is imputed or attributed to Wells Fargo.

54.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning what Plaintiff may have considered in its decision to make short-term loans to WVP Holding, LLC ("**WVP**").  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

55.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning Plaintiff's purported reliance.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

56.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning Plaintiff's purported reliance.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

57.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

58.      Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

59.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning what Plaintiff may have required before executing a loan agreement and concerning Plaintiff's purported reliance.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

60.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph regarding what Jason Van Eman provided Plaintiff.  Wells Fargo denies the purported letter dated May 12, 2015 is a letter from or binding on Wells Fargo and Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

61.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph concerning Plaintiff's purported reliance and Plaintiff's having agreed to make a loan to WVP.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

62.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

63.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

64.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

65.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

66.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

67.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

68.     Wells Fargo denies that Plaintiff requested or obtained confirmation directly from Wells Fargo concerning matters alleged in this paragraph.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

69.     Wells Fargo denies the allegations and proposed inferences in this paragraph.

70.     Wells Fargo denies the allegations and proposed inferences in this paragraph.

71.     The allegations of this paragraph relate to the contents of documents that speak for themselves.  Wells Fargo denies any allegation inconsistent with the referenced documents and Wells Fargo denies it monitors emails to protect others such as Plaintiff.

72.     Wells Fargo denies that Rafael was acting on behalf of Wells Fargo in notarizing a letter.  Wells Fargo further denies the authenticity of the referenced email purporting to be from Rafael's Wells Fargo email address as described in this paragraph.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

73.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph but admits it did not issue a line of credit to FCP.

74.     This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, Wells Fargo is without knowledge and therefore denies such factual allegations or proposed inferences.

75.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

76.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

77.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

78.     Wells Fargo denies the allegations and proposed inferences in this paragraph that Wells Fargo received a benefit from account transaction activity as described in this paragraph. Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

79.     Denied.

80.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

81.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

82.     Wells Fargo denies the allegations and proposed inferences in this paragraph that anyone acting as agent of Wells Fargo described anything to Plaintiff concerning "the auspices of the same banking framework" under which any loan may have been made by Plaintiff. Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

83.     Wells Fargo denies the allegations and proposed inferences in this paragraph that Wells Fargo made any representations upon which Plaintiff could have relied. Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

84.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

85.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph regarding what Jason Van Eman provided Plaintiff.  Wells Fargo denies the purported letter dated June 18, 2015 is a letter from or binding on Wells Fargo and Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

86.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

87.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

88.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

89.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

90.     Wells Fargo denies the allegations and proposed inferences in this paragraph that anyone acting as agent of Wells Fargo described anything to Plaintiff concerning "the auspices of the same banking framework" under which loans may have been made by Plaintiff.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

91.     Wells Fargo denies the allegations and proposed inferences in this paragraph that Wells Fargo made any representations upon which Plaintiff could have relied.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

92.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

93.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

94.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

95.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

96.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

97.     This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

98.     This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

99.     Wells Fargo denies the allegations and proposed inferences in this paragraph that Wells Fargo received a benefit from account transaction activity described in this paragraph. Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

100.    Wells Fargo admits that on July 31, 2015, an account titled in the name of Forrest Capital & Company was closed by a loss prevention closing entry.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

101.    Wells Fargo admits that on August 6, 2015, an account titled in the name of Forrest Capital Partners, Inc. was closed by a loss prevention closing entry and on August 6, 2015, an account titled in the name of Benjamin McConley was closed by a loss prevention closing entry.  Wells Fargo denies the remaining allegations and proposed inferences in this paragraph.

102.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

103.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

104.    Wells Fargo admits that Rafael's employment was terminated on June 17, 2015, and that a letter confirming same refers to Rafael's having violated Wells Fargo's "attendance/punctuality policy, specifically in regard to punctuality/excessive tardiness."  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

105.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

106.    Wells Fargo denies the allegations and proposed inferences in this paragraph.

107.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

108.     Wells Fargo admits an account titled Capital B, LLC was opened on July 15, 2015 and that Rafael's name appears as signatory on a statement of entity ownership and control for Capital B, LLC, but denies all remaining allegations and proposed inferences in this paragraph.

109.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

110.     This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, they are denied.

111.     Wells Fargo admits that Bermudez was linked with a "MCCONLEY, BENJAMIN & Forrest Capital Relationship" on May 15, 2015, and a "FORREST CAPITAL & COMPANY Relationship" was removed on May 15, 2015.  Wells Fargo is without knowledge and therefore denies the remaining allegations and proposed inferences in this paragraph.

112.     Wells Fargo denies the allegations and proposed inferences in this paragraph.

113.     Wells Fargo admits that Bermudez's employment was terminated on November 6, 2015.  The remaining allegations relate to the contents of documents that speak for themselves and Wells Fargo therefore denies those allegations to the extent inconsistent with those documents.

114.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

115.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

116.     This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, they are denied.

117.     This paragraph consists of allegations related to the contents of publicly available court filings that speak for themselves.  To the extent that this paragraph contains any allegations inconsistent with those documents, Wells Fargo is without knowledge and therefore denies them.

118.     Wells Fargo denies the allegations and proposed inferences in this paragraph.

119.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

120.     Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

121.     This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, they are denied.

122.     This paragraph consists of allegations related to the contents of publicly available court filings that speak for themselves.  To the extent that this paragraph contains any allegations inconsistent with those documents, they are denied.

123.     This paragraph consists of allegations related to the contents of publicly available court filings that speak for themselves.  To the extent that this paragraph contains any allegations inconsistent with those documents, they are denied.

124.     This paragraph consists of allegations related to the contents of publicly available court filings that speak for themselves.  To the extent that this paragraph contains any allegations inconsistent with those documents, they are denied.

125.    Wells Fargo denies the allegations and proposed inferences in this paragraph.

126.    Wells Fargo denies the allegations and proposed inferences in this paragraph.

127.    Wells Fargo denies the allegations and proposed inferences in the first sentence of this paragraph and is without knowledge and therefore denies all remaining allegations and proposed inferences in this paragraph.

128.    This paragraph consists of conclusions of law to which no response is required. To the extent that this paragraph contains any factual allegations or proposed inferences, Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

129.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

**COUNT I**
**AIDING AND ABETTING CONVERSION**
**(AGAINST THE WELLS FARGO DEFENDANTS)**

130.    Wells Fargo incorporates by reference its responses in the foregoing paragraphs 1 through 129 as though set forth here in their entirety.

131.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

132.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

133.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

134.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

135.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

136.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

137.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

138.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

139.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

140.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

141.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

142.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

143.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

144.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

145.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

146.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

147.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

### COUNTS II THROUGH IV

The allegations in paragraphs 148 through 159 (Count II), 160 through 171 (Count III), and 172 through 184 (Count IV) are not directed to Wells Fargo, so Wells Fargo does not respond to them here.

### COUNT V
### FRAUDULENT MISREPRESENTATION
### (AGAINST WELLS FARGO BANK)

185.    Wells Fargo incorporates by reference its responses in the foregoing paragraphs 1 through 129 as though set forth here in their entirety.

186.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

187.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

188.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

189.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

190.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

191.    Wells Fargo is without knowledge and therefore denies the allegations and proposed inferences in this paragraph.

192.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

193.    This paragraph consists of conclusions of law to which no response is required. To the extent this paragraph contains any factual allegations or proposed inferences, they are denied.

## COUNTS VI THROUGH VIII

The allegations in paragraphs 194 through 201 (Count VI), 202 through 208 (Count VII), and 209 through 215 (Count VIII) are not directed to Wells Fargo, so Wells Fargo does not respond to them here.

Any allegation in the complaint that is not expressly and specifically admitted in the foregoing Answer is hereby denied.

## <u>DEFENSES</u>

On information and belief following a reasonable investigation under the circumstances, and without assuming any obligation of pleading or burden of proof beyond that legally required to be borne by Wells Fargo, and pursuant to Federal Rules of Civil Procedure 8(c) and 12(b), Wells Fargo alleges the following additional matters in defense of Plaintiff's claims:

A.    Plaintiff seeks to recover damages from Wells Fargo in connection with three 125-day loan agreements Plaintiff alleges it entered into with WVP Holding, LLC ("**<u>WVP</u>**").

B.    Plaintiff made three short-term loans to WVP to provide WVP with funds to show as collateral for a permanent line of credit to be obtained from Wells Fargo with Weathervane

Productions, Inc. ("**Weathervane**") as borrower.   WVP and Weathervane, together with Benjamin McConley, Jason Van Eman, and Ross Marroso and their affiliated companies, including Forrest Capital Partners, Inc., Forrest Capital and Co., LLC ("**FCC**")  and Forrest Holding, LLC are referred to herein as the "**Forrest Capital Parties**."

C.      At the time Plaintiff made the loans to WVP, Plaintiff knew that without Plaintiff providing funds to pose as collateral, Weathervane would not qualify for the line of credit Plaintiff thought would be sought from Wells Fargo.

D.      Plaintiff made the loans to WVP with the knowledge and intent that the proceeds be used to allow and assist WVP and Weathervane in attempting to induce Wells Fargo into making a loan based on the prospective borrower having sufficient collateral to secure the loan when it did not.

E.      At the time it entered into the loan agreements with WVP, Plaintiff knew that WVP did not have sufficient collateral or financial resources to qualify for the line of credit described in the complaint.

F.      Through the loan agreements, Plaintiff intended that the proceeds would be used to show as collateral that belonged to WVP so Wells Fargo would extend WVP a line of credit based on the illusion that WVP was qualified for the line of credit.

G.      In exchange for its role in providing short-term loans to pose as collateral for permanent financing, Plaintiff exacted from WVP an agreement to repay the principal of the loans together with interest and fees at a criminally usurious rate in excess of 31% annually.

H.      Plaintiff did not conduct an inquiry into the bona fides of WVP or Weathervane or the other Forrest Capital Parties, and did not reasonably or justifiably rely on representations made or information provided by Wells Fargo or its employees or agents.  To the extent any

representations were made or any information was provided by Wells Fargo or its employees or agents, Wells Fargo and its employees and agents did not know, nor should they reasonably have known, that Plaintiff or anyone else would rely on such representations or information in deciding to loan millions of dollars to WVP.  Instead, Plaintiff relied on information provided by the Forrest Capital Parties and Alastair Burlingham and Lee Vandermolen.  On information and belief formed after a reasonable inquiry under the circumstances, neither Plaintiff nor Burlingham and Vandermolen conducted any reasonable inquiry into the bona fides of WVP or Weathervane, or the other Forrest Capital Parties.

      I.      If Plaintiff had conducted a reasonable inquiry into the Forrest Capital Parties before entering into the loan agreements, Plaintiff would have learned that the Forrest Capital Parties had two lawsuits pending against them.

      J.      Plaintiff deposited proceeds of all three loans into an account under the exclusive control and possession of FCC.  Plaintiff knew at the time it deposited the funds that the account into which it deposited the funds was under the exclusive control and possession of FCC and/or the Forrest Capital Parties.  Notwithstanding, Plaintiff chose to deposit the funds into the account anyway.

      K.      Plaintiff made three independent deposits of loan proceeds into an account controlled by FCC.  The loan proceeds deposited by Plaintiff were not specially marked, nor were they placed in a trust or escrow account.

      L.      Under the loan agreements, Plaintiff had no possessory rights in either the loan proceeds or the interest on the loan proceeds until the loans matured, 125 days after they were entered into: on September 20, 2015 for the first loan; October 25, 2015 for the second loan; and November 15, 2015 for the third loan.

M.      Wells Fargo did not have any actual or imputed knowledge of any improper transfers of loan proceeds in which the Forrest Capital Parties were engaged.

N.      To the extent any employee or other agent of Wells Fargo was in any manner involved in the transactions described in the complaint, or made any representations as described in the complaint, he or she did so exclusively in his or her personal interest and not at the behest of, nor on behalf of, nor with the knowledge of, Wells Fargo.  Instead any such employee did so adverse to the interests of Wells Fargo.

O.      Wells Fargo had no knowledge, actual or imputed, of any of its employees or agents being engaged in the transactions described in the complaint, and most of the conduct Rafael is alleged to have engaged in occurred when he was not a Wells Fargo employee.

P.      Wells Fargo would derive no benefit from making a long-term loan to an unqualified borrower secured by temporarily loaned collateral, or from fees for transfers of funds out of the account that Plaintiff deposited the loan proceeds into.

Q.      Wells Fargo did not assist in any way in the transfer of loan proceeds out of the account that Plaintiff deposited the loan proceeds into.

R.      Any representation made by any employee or other agent of Wells Fargo amounted to a non-actionable statement regarding promised future action.

S.      Any employee or other agent of Wells Fargo who made any statements or representations to Plaintiff regarding the Forrest Capital Parties or Wells Fargo's transactions with the Forrest Capital Parties was acting without actual or apparent authority whenever he or she made the representations.

T.      Any statement or representation made by any employee or other agent of Wells Fargo regarding the Forrest Capital Parties or Wells Fargo's transactions with the Forrest Capital

Parties was made without the knowledge or intent that the statement(s) or representation(s) would be relied on by anyone in deciding to extend a multimillion dollar loan to WVP or the other Forrest Capital Parties.

U.     Burlingham and Vandermolen are not agents of Plaintiff.   Alternatively, Burlingham and Vandermolen, while acting as agents of Plaintiff had knowledge of the Forrest Capital Parties' alleged scheme and, with that knowledge, agreed on behalf of Plaintiff to enter into the loan agreements.   Alternatively, Burlingham and Vandermolen were co-agents of Plaintiff and the Forrest Capital Parties.

V.     Wells Fargo had no knowledge, actual or imputed, of any of its employees or other agents making any statements or representations to Plaintiff regarding the Forrest Capital Parties.

W.     Wells Fargo would derive no benefit from any representations made to Plaintiff regarding the Forrest Capital Parties.

X.     Wells Fargo did not assist in any way in any false representations made to Plaintiff regarding the success or legitimacy of Plaintiff's deal with the Forrest Capital Parties and the transactions described in the complaint.

Y.     Wells Fargo did not have any actual knowledge of an underlying fraud or scheme involving Plaintiff and the Forrest Capital Parties.

Based on the contents of Wells Fargo's Answer to paragraphs 1 through 129 of Plaintiff's Complaint, and the contents of paragraphs A through Y (which are pled to provide factual support for Wells Fargo's defenses, and which are incorporated by reference into each of the paragraphs below), and based on such additional matters stated in any other party's pleading or

revealed in the course of investigation and discovery in this case, Wells Fargo asserts that Plaintiff's claims are barred, in whole or in part, by the following defenses:

1.      Plaintiff's claims are barred due to failure to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the doctrine of *in pari delicto* because: (a) Plaintiff's transactions with the Forrest Capital Parties were designed to induce a federally insured bank to make loans to an unqualified borrower based on false financial information in violation of 18 U.S.C. § 1344, and was otherwise fraudulent; (b) Plaintiff knew the object and purpose of the transactions but knowingly chose to enter into them to earn interest at a rate that is criminally usurious under section 687.071, Florida Statutes.

3.      Plaintiff's claims are barred based on the criminally usurious interest rate charged on the underlying loan agreements.

4.      Plaintiff's claims are barred due to the illegality of the purpose of Plaintiff's loan agreements with WVP.

5.      Plaintiff's claims are barred because any damage suffered by Plaintiff resulted from WVP's and the Forrest Capital Parties' breach of their contract with Plaintiff, not from any conduct of Wells Fargo.

6.      Plaintiff's claims are barred because Plaintiff did not have a possessory interest in the loan proceeds at the time they were transferred out of the FCC account.

7.      Plaintiff's claims are barred because Plaintiff consented to the Forrest Capital Parties' possession of the loan proceeds.

8.      Plaintiff's claims are barred because the loan proceeds deposited by Plaintiff were not capable of specific identification.

9.      Plaintiff's claims are barred under applicable agency principles and doctrines, including without limitation, those governing and addressing actual, apparent or implied authority; imputation; and the "adverse interest" exception.

10.      Plaintiff's claims are barred because Wells Fargo did not aid in or provide substantial assistance to the Forrest Capital Parties' alleged misconduct.

11.      Plaintiff's claims are barred because Wells Fargo had no actual knowledge or notice of the Forrest Capital Parties' alleged misconduct; acted in good faith; without intent or fault; had no duty to investigate even suspicious banking transactions; and owed no duty to Plaintiff, who is a non-customer of Wells Fargo.

12.      Plaintiff's claims are barred because any statement or representation made by any employee or other agent of Wells Fargo was a non-actionable statement of promised future action or otherwise too vague to constitute actionable fraud.

13.      Plaintiff's claims are barred because Plaintiff did not rely on any statements, representations or promises made by Rafael, Bermudez, Zoch, or any other Wells Fargo employee or agent, or upon any Wells Fargo's employee or agent's failure to object to statements, representations or promises made to Plaintiff by the Forrest Capital Parties, Burlingham or Vandermolen.   Additionally and alternatively, Plaintiff's reliance was neither reasonable nor justifiable.

14.      Plaintiff's claims are barred because Plaintiff had actual or imputed knowledge of the facts supporting the fraudulent misrepresentation claim.

15.      Plaintiff's claims are barred because Plaintiff's actions are the sole cause of Plaintiff's alleged damages.

16.     Plaintiff's claims are barred because no act or omission by Wells Fargo was the cause in fact or the proximate cause of any damages alleged by Plaintiff.

17.     Plaintiff's claims are barred because the damages alleged by Plaintiff were caused by superseding and/or intervening causes and not by any act or omission by Wells Fargo.

18.     Plaintiff's claims are barred due to fraud.

19.     Plaintiff's claims are barred under the doctrines of waiver or estoppel.  Plaintiff chose to deposit the loan proceeds into an account controlled by FCC, and otherwise proceeded with the transactions despite knowing that terms and conditions of their agreements with the Forrest Capital Parties had not been satisfied.

20.     Plaintiff's claims are barred by the doctrine of unclean hands.

21.     To the extent that Plaintiff is otherwise entitled to recover for any loss from Wells Fargo, such recovery must be offset to the extent that Plaintiff, or anyone Plaintiff purports to represent or on whose behalf Plaintiff seeks to recover, recovers such losses from other sources whether via settlement, judgment or otherwise.

Wells Fargo reserves all rights it may have to assert such other and further matters as may exist or appear by way of defense.  Wells Fargo notes that its investigation and discovery in the action has just commenced and is ongoing, and reserves the right to assert such other and further defenses as may be available to it.

WHEREFORE, Wells Fargo seeks entry of final judgment in its favor and against Plaintiff, and an award of attorneys' fees, costs and expenses incurred in its defense to the extent such an award is authorized under any public or private law, rule of court, or other doctrine or principle applicable to this action, together with such other and further relief as may be available under the circumstances.

/s/      Charles M. Harris, Jr.
CHARLES M. HARRIS, JR., FBN 967459
(Lead Trial Counsel)
charris@trenam.com / gkesinger@trenam.com
BETH A. CRONIN, FBN 0054933
bcronin@trenam.com / slord@trenam.com
JUSTIN L. DEES, FBN 048033
jdees@trenam.com / jstraw@trenam.com
Trenam, Kemker, Scharf, Barkin,
   Frye, O'Neill, & Mullis, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Phone 727.896.7171/Fax 727.822.8048
Attorneys for defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will forward a copy of the foregoing, together with the notice of electronic filing of same, via email to all counsel of record on the service list attached on this 29th day of July 2016.

/s/  Charles M. Harris, Jr.
Attorney

**SERVICE LIST**
**Adana Investing, Inc. v. Wells Fargo Bank, N.A., et. al.**
**Case No. 1:16-cv-21562- UNGARO/GOODMAN**
**United States District Court, Southern District of Florida**

John D. Couriel, Esq.
Stephanie D. Hauser, Esq.
Kobre & Kim LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
john.couriel@kobreim.com
stephanie.hauser@kobrekim.com
*Counsel for Plaintiff*

Beth A. Black, Esq.
Joseph A. Vallo, Esq.
Lauren Whetstone, Esq.
GREENBERG TRAURIG , P.A.
777 South Flagler Drive, Third Floor East
West Palm Beach, Florida  33401
blackb@gtlaw.com
valloj@gtlaw.com
whetstonel@gtlaw.com
*Counsel for Defendants Wells Fargo*
*Advisors, LLC and Paul Zoch*

Barbara J. Riesberg, Esq.
Riesberg Law
Biscayne Bank Tower, Suite 1100
2601 South Bayshore Drive
Miami, FL 33133
barbara@riesberglaw.com
*Counsel for Defendant Hernan Bermudez*

Rhonda Anne Anderson
Rhonda A. Anderson PA
2655 S LeJeune Road, Suite 540
Coral Gables, FL 33134
randersonlaw@gmail.com

Donald J. Thomas
Lewis & Thomas, LLP
165 E. Palmetto Park Road, Suite 200
Boca Raton, FL 33432
don@beltlawyers.com
suzan@beltlawyers.com
reception@beltlawyers.com
*Counsel for Defendant Benjamin Rafael*