UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-CV-21562-UNGARO/GOODMAN

ADANA INVESTING, INC.,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,
WELLS FARGO ADVISORS, LLC,
BENJAMIN RAFAEL,
HERNAN BERMUDEZ,
and PAUL ZOCH,

    Defendants.
_____/

## **DEFENDANT HERNAN BERMUDEZ' ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Hernan Bermudez by and through undersigned counsel hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint.

## **ANSWER**

Bermudez responds to each numbered paragraph in the Complaint as follows:

1.    Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in this paragraph.

2.    Bermudez denies he played an active and indispensable role in the alleged conversion. Bermudez is without knowledge sufficient to admit or deny and therefore denies all remaining allegations and proposed inferences in this paragraph.

3-21.    Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of these paragraphs.

22.    Bermudez admits the allegations of this paragraph.

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 2 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

23. The allegations of this paragraph consist of conclusions of law to which no response is required. To the extent a response is required, Bermudez admits he is a citizen of Florida and denies he committed a tort within Florida.

24. Bermudez admits he was employed by Wells Fargo Bank as a Regional Bank Private Banker in the Fort Lauderdale, Florida branch until November 6, 2015. Bermudez denies he was employed by Wells Fargo Advisors or that he acted as an agent for either Wells Fargo Bank or Wells Fargo Advisors.

25. Bermudez admits he was employed by Wells Fargo Bank as a Regional Private Banker and that he performed his necessary and regular job duties. Bermudez denies he was employed by Wells Fargo Advisors.

26. Bermudez admits he was a licensed banker and registered with FINRA through Wells Fargo Advisors in Fort Lauderdale, Florida. Bermudez denies he is still registered with FINRA through Wells Fargo Advisors.

27. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

28. The allegations of this paragraph consist of legal conclusions and thus no response is required. To the extent a response is required Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

29-43. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in these paragraphs.

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 3 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

44. Bermudez admits upon information and belief Rafael was employed by either Wells Fargo Bank or another Wells Fargo entity as a personal banker in Miami, Florida. Bermudez is without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences in this paragraph.

45-104. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in these paragraphs.

105. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

106. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

107. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

108. Bermudez admits he performed necessary or regular job duties in the opening of an account for Rafael in the name of Capital B, LLC. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

109. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of this paragraph.

110. Bermudez denies he was instrumental in the alleged conversion of Plaintiff's money.

111. Bermudez admits he was linked as a banker through an internal system at some point with the Wells Fargo Bank relationship with Benjamin McConley and Forest Capital. Bermudez further admits Zoch informed him he was no longer linked with the relationship and is

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 4 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences of this paragraph.

112. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of these paragraphs.

113. Bermudez admits Wells Fargo Bank terminated his employment on November 6, 2015 and denies he was employed by Wells Fargo Advisors. Bermudez further admits that the remaining allegations of this paragraph relate to the contents of documents that speak for themselves and therefore denies those allegations to the extent they are inconsistent with those documents.

114. Bermudez admits he performed his necessary and regular job duties with respect the opening of an account by a Forest Capital entity and by FCP Master Holdings LLC. Bermudez is without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences of this paragraph.

115-116. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences of these paragraphs.

117. Bermudez admits the official court record speaks for itself and is otherwise without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences in this paragraph.

118. Bermudez denies he was involved in any of the alleged loans that precipitated the referenced lawsuits. Bermudez is without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences in this paragraph.

119. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in this paragraph.

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 5 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

120. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in this paragraph.

121. Bermudez denies any knowledge of or participation in the Forest Capital Parties' alleged conversion of other victims' funds. Bermudez further denies actual notice of any allegations against FCC and FCP. Bermudez is otherwise without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences in this paragraph.

122-126. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in these paragraphs.

127. Bermudez admits he performed his necessary and regular job duties in the opening of an account by FCP Master Holdings LLC. Bermudez further admits Aaron McConley (Benjamin McConley's brother) was a signatory. Bermudez is without knowledge sufficient to admit or deny and therefore denies the remaining allegations and proposed inferences in this paragraph.

128-129. Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in these paragraphs.

130-171. The allegations of these paragraphs are not directed towards Bermudez and thus no response is required.

172. Bermudez realleges and incorporates by reference his prior responses to paragraphs 1 through 129 of the complaint as if fully set forth herein.

173. The allegations of this paragraph consist of legal conclusions and therefore no response is required. To the extent a response is required, Bermudez admits that he was employed by Wells Fargo Bank and performed the necessary and regular duties of such employment.

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 6 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

174-181.   Bermudez is without knowledge sufficient to admit or deny and therefore denies the allegations and proposed inferences in these paragraphs.

182-184.   Bermudez denies the allegations and proposed inferences in these paragraphs.

185-215.   The allegations of these paragraphs are not directed to Bermudez and thus no response is required.

216.   Bermudez is either without knowledge sufficient to admit or deny or denies each and every allegation and proposed inference not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant Bermudez pleads his affirmative defenses in the alternative and without prejudice to his answer to the allegations of the Complaint. Bermudez does not assume the burden of proof for his affirmative defenses where such burden is otherwise on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of *in pari delicto*. Plaintiff seeks to recover alleged damages resulting from its criminally usurious, and thus unenforceable, loan transactions. Moreover, Plaintiff participated in or conspired to induce a federally insured bank to provide credit based upon information Plaintiff knew to be false.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands. Plaintiff seeks to recover alleged damages resulting from its criminally usurious, and thus unenforceable, loan

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 7 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

transactions. Moreover, Plaintiff participated in or conspired to induce a federally insured bank to provide credit based upon information Plaintiff knew to be false.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because it knowingly and voluntarily assumed the risk of loss by, among other things, (1) making loans at criminally usurious rates; (2) making unsecured loans; (3) failing to perform due diligence; and (4) failing to take precautions to prevent dissipation of the loan proceeds.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because any alleged damages suffered by Plaintiff resulted from independent breaches of the loan documents by third parties, not from any intentional act on the part of Bermudez.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part for failure to mitigate its damages. Among other things, Plaintiff failed to pursue all remedies available to it under the loan documents prior to filing this action.

## SEVENTH AFFIRMATIVE DEFENSE

Any recovery Plaintiff may be awarded from Bermudez must be offset to the extent Plaintiff recovers damages from other sources, including without limitation insurance, settlement or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because no act or omission by Bermudez was the proximate cause of any damages alleged by Plaintiff.

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 8 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused in whole or in part by its own actions and/or inactions. Alternatively, Plaintiff's alleged damages were caused in whole or in part by actions and/or inactions of third parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused in whole or in part by intervening causes.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of waiver and/or estoppel.

Defendant Bermudez reserves his right to amend these affirmative defenses as discovery proceeds in this action.

WHEREFORE, Defendant Bermudez respectfully requests entry of judgment in his favor and against Plaintiff together with costs and such further relief as the Court deems just and proper.

Respectfully submitted,

RIESBERGLAW
*Counsel for Defendant Hernan Bermudez*
Biscayne Bank Tower, Suite 1100
2601 South Bayshore Drive
Miami, Florida  33133
Telephone:  (305) 371-9617
Facsimile:  (305) 371-9628
Email: Barbara@riesberglaw.com


By:    /s/ Barbara J. Riesberg
       BARBARA J. RIESBERG
       Florida Bar No.: 965715

Adana Investing vs. Wells Fargo, et. al.<br>
Case No.: 16-CV-21562-UNGARO/GOODMAN

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by using the CM/ECF system on **July 29, 2016** on all counsel and/or parties of record on the attached Service List.

/s/ Barbara J. Riesberg
BARBARA J. RIESBERG

## SERVICE LIST

John Daniel Couriel, Esquire
Stephanie L. Hauser, Esquire
Kobre & Kim, LLP
2 South Biscayne Boulevard, 35th Floor
Miami, Florida  33131
Main Telephone: (305) 967-6100
Facsimile: (305) 967-6120
Email: john.couriel@kobrekim.com; stephanie.hauser@kobrekim.com;
waleska.moncada@kobrekim.com
*Counsel for the Plaintiff, Adana Investing, Inc.*

Dale W. Cravey, Esquire
Charles M. Harris, Esquire
Beth A. Cronin, Esquire
Stephanie S. Leuthauser, Esquire
Trenam, Kemker
200 Central Avenue, Suite 1600
St. Petersburg, Florida  33701
Telephone: (727) 896-7171
Facsimile: (727) 820-0835
Email: dcravey@trenam.com; bshepard@trenam.com; charris@trenam.com;
gkesinger@trenam.com; bcronin@trenam.com; slord@trenam.com; sleuthauser@trenam.com;
jamer@trenam.com
*Counsel for Wells Fargo Bank, N.A.*

Donald J. Thomas, Esquire
Lewis & Thomas, LLP
445 East Palmetto Park Road
Boca Raton, Florida  33432
Telephone: (561)368-7474
Facsimile: (561)368-0293

Case 1:16-cv-21562-UU   Document 56   Entered on FLSD Docket 07/29/2016   Page 10 of 10

Adana Investing vs. Wells Fargo, et. al.
Case No.: 16-CV-21562-UNGARO/GOODMAN

Email: don@beltlawyers.com ; suzan@beltlawyers.com ; reception@beltlawyers.com
*Counsel for Defendant, Benjamin Rafael*

Rhonda A. Anderson, Esquire
Rhonda A. Anderson, P.A.
2655 Lejeune Road, Suite 540
Coral Gables, Florida 33134
Telephone: (305) 567-3004
Facsimile: (305) 476-9837
E-Mail: randersonlaw@gmail.com
*Counsel for Defendant, Benjamin Rafael*


Lauren Whetstone, Esquire
Beth A. Black, Esquire
Joseph A. Vallo, Esquire
Greenberg Traurig, P.A.
Phillips Point - East Tower
777 S Flagler Drive, Suite 300E
West Palm Beach, Florida  33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222
Email: valloj@gtlaw.com; tousap@gtlaw.com; hernandezt@gtlaw.com ; blackb@gtlaw.com;
FLService@gtlaw.com ; whetstonel@gtlaw.com ; whitfieldd@gtlaw.com
*Counsel for Defendants, Wells Fargo Advisors, LLC & Paul Zoch*