# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO:  1:16-cv-21562-UU

**ADANA INVESTING, INC.,**

                              **Plaintiff,**

**v.**

**WELLS FARGO BANK., N.A., WELLS FARGO ADVISORS, LLC., BENJAMIN RAFAEL, HERNAN BERMUDEZ and PAUL ZOCH,**

                              **Defendants**

---

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

THE DEFENDANT, BENJAMIN RAFAEL, ("RAFAEL"), by and through undersigned counsel, for his Answer and Affirmative Defenses, states as follows:

### NATURE OF ACTION

1.     As to the allegations of Paragraph 1 of the Complaint, the Defendant admits that the Plaintiff has made the allegations in Paragraph 1, but denies that the Defendant has engaged in any fraudulent misrepresentation or aided or abetted the conversion of funds that Plaintiff deposited into an account, denies facts underlying the claims, and denies that the Plaintiff is entitled to

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

relief.

2.    Defendant denies the allegations in Paragraph 2 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

3.    Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 3, and, therefore, denies same.

4.    Defendant admits that Wells Fargo Bank is a national bank, but is without sufficient information to truthfully admit or deny the allegations of Paragraph 4, and, therefore, denies same.

5.    Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 5, and, therefore, denies same.

6.    Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 6, and, therefore, denies same.

7.    Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 7, and, therefore, denies same.

8.    Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 8, and, therefore, denies same.

9.    Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 9, and, therefore, denies same.

10.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 10, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

11.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 11, and, therefore, denies same.

12.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 12, and, therefore, denies same.

13.  Defendant admits the allegations of Paragraph 13.

14.  As to the allegations of Paragraph 14, Defendant admits that this Court has jurisdiction over Defendant RAFAEL based upon the Complaint alleges that RAFAEL committed a tort within the Southern District of Florida, but denies that the Defendant committed a tort within Florida.

15.  As to the allegations of Paragraph 15, Defendant admits that he was an employee of WELL FARGO BANK until he was fired on or before June 18, 2015, and that his title was Private Banker 1.   The Defendant denies the remaining allegations of Paragraph 15.

16.  As to the allegations of Paragraph 16, Defendant admits that opened accounts, spoke and met with customers, sold retail banking products and services to customers and prospective customers, sold other products or services offered by WELLS FARGO BANK, inputted customer information into WELLS FARGO BANK's electronic loan applications, and referred customers to WELLS FARGO ADVISORS.   Defendant denies all the remaining allegations of Paragraph 16 and denies that he provided "advice" to customers, "reviewing

-3-

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

and processing" credit and loan applications, "maintaining, and managing" deposit accounts for clients, and "managing customer portfolios."

17.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 17, and, therefore, denies same.

18.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 18, and, therefore, denies same.

19.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 19, and, therefore, denies same.

20.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 20, and, therefore, denies same.

21.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 21, and, therefore, denies same.

22.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 22, and, therefore, denies same.

23.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 23, and, therefore, denies same.

24.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 24, and, therefore, denies same.

25.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 25, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

26.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 26, and, therefore, denies same.

27.   As to the allegations of Paragraph 27, Defendant admits that this Court has jurisdiction over this matter based upon the allegations set forth in the Complaint.

28.   As to the allegations of Paragraph 28, Defendant admits that this venue is proper in this District.

## FACTS

29.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 29, and, therefore, denies same.

30.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 30, and, therefore, denies same.

31.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 31, and, therefore, denies same.

32.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 32, and, therefore, denies same.

33.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 33, and, therefore, denies same.

34.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 34, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

35.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 35, and, therefore, denies same.

36.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 36, and, therefore, denies same.

37.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 37, and, therefore, denies same.

38.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 38, and, therefore, denies same.

39.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 39, and, therefore, denies same.

40.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 40, and, therefore, denies same.

41.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 41, and, therefore, denies same.

42.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 42, and, therefore, denies same.

43. Defendant admits that on or about March 13, 2015, he was introduced as a personal banking officer of an account holder of WELLS FARGO BANK, and that the Defendant's manager was present at the time of the introduction.  The Defendant is without sufficient information to truthfully

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

admit or deny the remaining allegations of Paragraph 43, and, therefore, denies same.

44.   As to the allegations of Paragraph 44, Defendant admits that he was an employee of WELL FARGO BANK until he was fired on or before June 18, 2015, and that his title was Private Banker 1.   The Defendant denies the remaining allegations of Paragraph 44, and, therefore, denies same.

45.   As to the allegations of Paragraph 45, Defendant admits that his manager was an employee of WELLS FARGO BANK in or about March 2015. The Defendant denies the remaining allegations of Paragraph 45, and, therefore, denies same.

46.   As to the allegations of Paragraph 46, Defendant admits that in March 2015,  Defendant knew that Benjamin McConley ("McConley") and Forrest Capital Partners ("FCP") were in good standing with WELLS FARGO BANK.   Defendant denies that he made any representations to Alastair Burlingham ("Burlingham") or Lee Vandermolen ("Vandermolen"), and states that he is without sufficient information to truthfully admit or deny the remaining allegations of Paragraph 46, and, therefore, denies same.

47.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 47, and, therefore, denies same.

48.   As to Paragraph 48, Defendant admits that he saw Burlingham,

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Vandermolen, McConely and Van Eman at WELLS FARGO BANK.

49.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 49, and, therefore, denies same.

50.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 50, and, therefore, denies same.

51.  As to the allegations of Paragraph 51, Defendant admits that in March 2015, Defendant knew that FCP was in good standing with WELLS FARGO BANK.  Defendant denies that he made any representations that WELLS FARGO BANK was "willing to provide up to $100 million of collateralized loan exposure for FCP" or that "WELLS FARGO BANK would hold ADANA's loan proceeds in restricted accounts."  Defendant is without sufficient information to truthfully admit or deny the remainder of the allegations of Paragraph 51, and, therefore, denies same.

52.  Defendant denies the allegations of Paragraph 52.

53.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 53, and, therefore, denies same.

54.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 54, and, therefore, denies same.

55.  Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 55, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

56. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 56, and, therefore, denies same.

57. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 57, and, therefore, denies same.

58. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 58, and, therefore, denies same.

59. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 59, and, therefore, denies same.

60. As to the allegations of Paragraph 60, Defendant denies that he authored a letter stating that "loan proceeds would not be removed from the account without ADANA's express consent."   As to the remainder of the allegations of Paragraph 60, Defendant is without sufficient information to truthfully admit or deny the remainder allegations of Paragraph 60, and, therefore, denies same.

61. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 61, and, therefore, denies same.

62. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 62, and, therefore, denies same.

63. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 63, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

64. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 64, and, therefore, denies same.

65. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 65, and, therefore, denies same.

66. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 66, and, therefore, denies same.

67. Defendant admits that he notarized the signatures of individuals on documents on unknown dates, but the Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 67, and, therefore, denies same.

68. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 68, and, therefore, denies same.

69. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 69, and, therefore, denies same.

70. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 70, and, therefore, denies same.

71. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 71, and, therefore, denies same.

72. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 72, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

73.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 73, and, therefore, denies same.

74.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 74, and, therefore, denies same.

75.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 75, and, therefore, denies same.

76.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 76, and, therefore, denies same.

77.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 77, and, therefore, denies same.

78.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 78, and, therefore, denies same.

79.   Defendant admits that he notarized the signatures of individuals on documents on unknown dates, but the Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 79, and, therefore, denies same.

80.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 80, and, therefore, denies same.

81.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 81, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

82. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 82, and, therefore, denies same.

83. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 83, and, therefore, denies same.

84. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 84, and, therefore, denies same.

85. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 85, and, therefore, denies same.

86. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 86, and, therefore, denies same.

87. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 87, and, therefore, denies same.

88. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 88, and, therefore, denies same.

89. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 89, and, therefore, denies same.

90. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 90, and, therefore, denies same.

91. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 91, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

92.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 92, and, therefore, denies same.

93.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 93, and, therefore, denies same.

94.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 94, and, therefore, denies same.

95.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 95, and, therefore, denies same.

96.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 96, and, therefore, denies same.

97.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 97, and, therefore, denies same.

98.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 98, and, therefore, denies same.

99.   Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 99, and, therefore, denies same.

100. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 100, and, therefore, denies same.

101. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 101, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

102. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 102, and, therefore, denies same.

103. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 103, and, therefore, denies same.

104. Defendant admits that he was fired due to excessive tardiness.  The Defendant is without sufficient information to truthfully admit or deny the remainder of the allegations of Paragraph 104, and, therefore, denies same.

105. As to the allegations of Paragraph 105, the Defendant admits that $250,000 was transferred to Capital B, LLC. and that the Defendant is the managing member of said entity.  However, the Defendant is without sufficient information to truthfully admit or deny the remainder of the allegations of Paragraph 105, and, therefore, denies same.

106. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 106, and, therefore, denies same.

107. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 107, and, therefore, denies same.

108. As to the allegations of Paragraph 108, the Defendant admits that he opened an account at WELLS FARGO BANK.  However, the Defendant is without sufficient information to truthfully admit or deny the remainder of the allegations of Paragraph 108, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

109. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 109, and, therefore, denies same.

110. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 110, and, therefore, denies same.

111. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 111, and, therefore, denies same.

112. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 112, and, therefore, denies same.

113. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 113, and, therefore, denies same.

114. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 114, and, therefore, denies same.

115. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 115, and, therefore, denies same.

116. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 116, and, therefore, denies same.

117. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 117, and, therefore, denies same.

118. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 118, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

119. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 119, and, therefore, denies same.

120. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 120, and, therefore, denies same.

121. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 121, and, therefore, denies same.

122. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 122, and, therefore, denies same.

123. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 123, and, therefore, denies same.

124. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 124, and, therefore, denies same.

125. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 125, and, therefore, denies same.

126. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 126, and, therefore, denies same.

127. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 127, and, therefore, denies same.

128. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 128, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

129. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 129, and, therefore, denies same.

## COUNT I
## AIDING AND ABETTING CONVERSION
## (AGAINST THE WELLS FARGO DEFENDANTS)

130. As to the allegations of Paragraph 130, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count I, as though fully set forth herein.    Further answering, the remaining allegations of Count I of the Complaint are not directed at Defendant RAFAEL nor is any relief claimed against RAFAEL in Count I, and, therefore, no Answer is required.  To the extent a response is required to Paragraphs 131 through 147, Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraphs 131 through 147, and, therefore, denies same.

## COUNT II
## AIDING AND ABETTING CONVERSION
## (AGAINST RAFAEL)

131. As to the allegations of Paragraph 148, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count II, as though fully set forth herein.

132. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 149, and, therefore, denies same.

133. Defendant is without sufficient information to truthfully admit or

-17-

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

deny the allegations of Paragraph 150, and, therefore, denies same.

134. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 151, and, therefore, denies same.

135. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 152, and, therefore, denies same.

136. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 153, and, therefore, denies same.

137. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 154, and, therefore, denies same.

138. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 155, and, therefore, denies same.

139. Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 156, and, therefore, denies same.

140. Defendant denies the allegations of Paragraph 157 of the Complaint.

141. Defendant denies the allegations of Paragraph 158 of the Complaint.

142. Defendant denies the allegations of Paragraph 159 of the Complaint.

## COUNT III
## AIDING AND ABETTING CONVERSION
## (AGAINST ZOCH)

143. As to the allegations of Paragraph 160, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

III, as though fully set forth herein.    Further answering, the remaining allegations of Count III of the Complaint are not directed at Defendant RAFAEL nor is any relief claimed against RAFAEL in Count III, and, therefore, no Answer is required.  To the extent a response is required to Paragraphs 161 through 171, Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraphs 161 through 171, and, therefore, denies same.

**COUNT IV**
**AIDING AND ABETTING CONVERSION**
**(AGAINST BERMUDEZ)**

144. As to the allegations of Paragraph 172, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count III, as though fully set forth herein.    Further answering, the remaining allegations of Count IV of the Complaint are not directed at Defendant RAFAEL nor is any relief claimed against RAFAEL in Count IV, and, therefore, no Answer is required.  To the extent a response is required to Paragraphs 173 through 184, Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraphs 173 through 184, and, therefore, denies same.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

## COUNT V
## FRAUDULENT MISREPRESENTATION
### (AGAINST THE WELLS FARGO BANK)

145. As to the allegations of Paragraph 185, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count V, as though fully set forth herein.   Further answering, the remaining allegations of Count V of the Complaint are not directed at Defendant RAFAEL nor is any relief claimed against RAFAEL in Count V, and, therefore, no Answer is required.  To the extent a response is required to Paragraphs 186 through 193, Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraphs 186 through 193, and, therefore, denies same.

## COUNT VI
## FRAUDULENT MISREPRESENTATION
### (AGAINST THE WELLS FARGO ADVISORS)

146. As to the allegations of Paragraph 194, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count VI, as though fully set forth herein.   Further answering, the remaining allegations of Count VI of the Complaint are not directed at Defendant RAFAEL nor is any relief claimed against RAFAEL in Count VI, and, therefore, no Answer is required.  To the extent a response is required to Paragraphs 195 through 201, Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraphs 195 through 201, and, therefore, denies

-20-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

same.

## COUNT VII
## FRAUDULENT MISREPRESENTATION
## (AGAINST RAFAEL)

147. As to the allegations of Paragraph 203, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count VII, as though fully set forth herein.

148. Defendant denies the allegations of Paragraph 204 of the Complaint.

149. Defendant denies allegations of Paragraph 205 of the Complaint.

150. As to the allegations of Paragraph 206, Defendant denies he made any false representations, and as to the remainder of the allegations of Paragraph 206 of the Complaint, the Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 206, and, therefore, denies same.

151. As to the allegations of Paragraph 207, Defendant denies he made any false representations, and as to the remainder of the allegations of Paragraph 207 of the Complaint, the Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 207, and, therefore, denies same.

152. As to the allegations of Paragraph 208, Defendant denies he made any false representations, or that Plaintiff "justifiably relied" on the

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

statements alleged.  As to the remainder of the allegations of Paragraph 208 of the Complaint, the Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraph 208, and, therefore, denies same.

**COUNT VIII**
**FRAUDULENT MISREPRESENTATION**
**(AGAINST ZOCH)**

153. As to the allegations of Paragraph 209, Defendant repeats and realleges the Defendant's Answers to Paragraphs 1 through 129 of this Count VIII, as though fully set forth herein.    Further answering, the remaining allegations of Count VIII of the Complaint are not directed at Defendant RAFAEL nor is any relief claimed against RAFAEL in Count VIII, and, therefore, no Answer is required.  To the extent a response is required to Paragraphs 210 through 215, Defendant is without sufficient information to truthfully admit or deny the allegations of Paragraphs 210 through 215, and, therefore, denies same.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where such burden is otherwise on Plaintiff, Defendant RAFAEL, alleges the following affirmative defenses:

**First Affirmative Defense – Failure to Mitigate Damages**

Plaintiff's alleged agreements with the Forrest Capital Parties required

-22-

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

the Plaintiff to engage in arbitration and/or provided other remedies.  Plaintiff knew that its agreements with the Forrest Capital Parties required the Plaintiff to engage in arbitration and/or provided other remedies.  Plaintiff failed to engage in arbitration or pursue other remedies in order to mitigate its damages before filing this action. The Plaintiff's failure to arbitrate or engage other remedies to mitigate Plaintiff's damages renders Plaintiff's claims unenforceable.

## Second Affirmative Defense – Set-off

Plaintiff have sued other parties, including the Forrest Capital Parties, for the damages alleged in Plaintiff's Complaint. To the extent that Plaintiff is entitled to recover from any loss from RAFAEL, such recovery must be offset to the extent that Plaintiff recovers such losses from other sources, whether via settlement, judgment, collection or otherwise.

## Third Affirmative Defense – *In Pari Delicto*

Plaintiff's claims are barred in whole or in part by the doctrine of *in pari delicto*. Florida's usury laws prescribe a maximum rate of 25% on loans that exceed $500,000 pursuant to §687.071(2) Fla. Stat. The interest rate on the underlying loan agreements exceeded the maximum rate. Plaintiff cannot recover from transactions that are illegal and unenforceable. Moreover, Plaintiff participated in or conspired to induce a federally insured bank to

-23-

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

provide credit based upon information Plaintiff knew to be false.

### Fourth Affirmative Defense - Lack of Proximate Cause

Plaintiff's claims are barred in whole or in part because no act or omission by RAFAEL was the cause in fact or the proximate cause of any damages alleged. Rather, any and all harm was caused by Plaintiff's own actions in failing to conduct an inquiry or perform adequate due diligence.

Additionally and alternatively, Plaintiff's alleged losses were caused by the independent actions of third-parties Benjamin McConley, Jason Van Eman, Ross Marroso, Forrest Capital Partners, Inc., Forrest Capital and Co., LLC, Weathervane Productions, Inc., WVP Holdings, LLC, Lee Vandermolen, Alistair Burlingham and/or others which were not known or foreseen by RAFAEL.

### Fifth Affirmative Defense — Lack of Intent

At all relevant times, RAFAEL, was acting in good faith, without intent or fault, and as such, Plaintiff is barred from recovery on the Complaint, in whole or in part.

### Sixth Affirmative Defense — Lack of Knowledge

RAFAEL, in the exercise of reasonable care, did not know and could not have known of any of the alleged wrongful conduct from which Plaintiff was purportedly damaged.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

## Seventh Affirmative Defense – Unclean Hands

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Plaintiff conspired and/or acted in concert with third-parties Benjamin McConley, Jason Van Eman, Ross Marroso, Forrest Capital Partners, Inc., Forrest Capital and Co., LLC, Weathervane Productions, Inc., WVP Holdings, LLC, Lee Vandermolen, Alistair Burlingham and/or in a scheme to wrongfully obtain funds from Wells Fargo Bank. Moreover, Plaintiff participated in or conspired to induce a federally insured bank to provide credit based upon information Plaintiff knew to be false.

## Eighth Affirmative Defense — No Duty

Plaintiff's claims are barred because RAFAEL owed no duty to Plaintiff, who is not a customer of RAFAEL or Wells Fargo Bank.

## Ninth Affirmative Defense — No Reliance

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any statements, representations made by RAFAEL, as no such statements were made directly to Plaintiff by RAFAEL.

## Tenth Affirmative Defense — Breach of Contract

Plaintiff's claims are barred because any alleged damages suffered by Plaintiff resulted from WVP's and the Forrest Capital Parties' breach of contract with Plaintiff, not from any intentional act on the part of RAFAEL.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

### Eleventh Affirmative Defense — Waiver and Estoppel

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Twelfth Affirmative Defense — Failure to State a Claim

Plaintiff's claim is barred for failure to state a claim upon which relief may be granted.

WHEREFORE, the Defendant, RAFAEL, requests that judgment be entered in favor of RAFAEL and against Plaintiff, together with costs and for such additional and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Rhonda A. Anderson*
RHONDA A. ANDERSON
Fla. Bar No. 708038
Counsel for Defendant, RAFAEL
RHONDA A. ANDERSON, P.A.
2655 LeJeune Road, Suite 540
Coral Gables, Florida 33134
Telephone:      (305) 567-3004
Facsimile:      (305) 476-9837
E-Mail: randersonlaw@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Rhonda A. Anderson*
RHONDA A. ANDERSON

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

## SERVICE LIST

John D. Couriel, Esq.
Stephanie D. Hauser, Esq.
KOBRE & KIM LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
john.couriel@kobreim.com
Stephanie.hauser@kobrekim.com
*Counsel for Plaintiff*

BETH A. BLACK, ESQ.
BlackB@gtlaw.com
JOSEPH A. VALLO, ESQ.
ValloJ@gtlaw.com
LAUREN WHETSTONE, ESQ.
WhetstoneL@gtlaw.com
GREENBERG TRAURIG , P.A.
777 South Flagler Drive, Third Floor East
West Palm Beach, Florida 33401
*Counsel for Defendant Wells Fargo*
*Advisors and Paul Zoch*

Barbara J. Riesberg, Esq.
Riesberg Law
Biscayne Bank Tower, Suite 1100
2601 South Bayshore Drive
Miami, FL 33133
barbara@riesberglaw.com
*Counsel for Defendant Hernan*
*Bermudez*

Dale W. Cravey, Esq.
Charles M. Harris, Esq.
Beth A. Cronin, Esq.
Stephanie S. Leuthauser, Esq.
Trenam, Kemker
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
dcravey@trenam.com
bshepard@trenam.com
charris@trenam.com
gkesinger@trenam.com
bcronin@trenam.com
slord@trenam.com
sleuthauser@trenam.com
jammer@trenam.com
*Counsel for Defendant Wells Fargo*
*Bank, N.A.*

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**