UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-21562-UNGARO/OTAZO-REYES

ADANA INVESTING, INC.,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
WELLS FARGO ADVISORS, LLC,
BENJAMIN RAFAEL,
HERNAN BERMUDEZ,
and PAUL ZOCH,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Adana Investing, Inc. ("Plaintiff" or "Adana"), pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, moves for partial summary judgment against Defendants Wells Fargo Advisors, LLC ("WF Advisors"), Wells Fargo Bank, N.A. ("WF Bank"), Paul Zoch ("Zoch"), Hernan Bermudez ("Bermudez"), and Benjamin Rafael ("Rafael") (together, "Defendants"), and states:

**I.   INTRODUCTION**

As of the close of discovery in this matter, several things are clear. First, WF Bank and WF Advisors, along with Zoch, Bermudez, and Rafael, played critical roles in an elaborate scheme to steal over $28 million from Adana. There is overwhelming evidence that, to effectuate their scheme, the primary fraudsters, the Forrest Capital Parties,[1] relied on WF Bank and WF

---

[1] The "Forrest Capital Parties" refers to non-parties, Benjamin McConley ("McConley"), Jason Van Eman ("Van Eman"), and Ross Marroso ("Marroso"), and their companies, Forrest

1

Advisors to provide them not only with bank accounts, but with financial advisors and bankers who would convince lenders of the legitimacy of the deal and then, after the funds had been misappropriated, help conceal the fraud.

Second, Adana was not the first victim of the Forrest Capital Parties, nor was it the last. Each of these victims had their funds stolen after depositing them into accounts in the name of FCC at either WF Bank or WF Advisors. All of these victims interfaced with the same cast of characters at WF Bank and WF Advisors: Zoch, Bermudez, and Rafael. Well before Adana was defrauded, WF Bank and WF Advisors had already been named defendants in two suits by other victims. ████████████

████████████

████████████ This means that WF Bank and WF Advisors were well aware that their internal controls had failed to prevent their employees from enabling a major and ongoing fraud, and through the actions of their employees, aided and abetted the conversion of millions of dollars.

And, third, in an attempt to change the subject and escape liability for the woeful internal controls that precipitated the fraud for so long, Defendants asserted a litany of affirmative defenses, some of which are outright specious and others that are immaterial to the claims at issue, all the while stonewalling Adana's efforts to get to the bottom of how the fraud was perpetrated.

---

Capital Partners, Inc. ("FCP"), Forrest Capital and Co., LLC ("FCC"), Weathervane Productions, Inc. ("Weathervane"), and WVP Holding, LLC ("WVP").

## II. BACKGROUND[2]

This Court is by now familiar with the background facts in this matter. Briefly, and as relevant to the arguments in this Motion, pursuant to what Adana understood to be three short-term loans to WVP, Adana deposited $28,542,500 into a bank account at WF Bank. *See* SOF ¶¶ 7–12. According to the relevant loan agreements, Adana's funds were to be held as collateral, along with a matched contribution by FCP, so that WVP could obtain lines of credit from WF Bank, which would ultimately be used to finance films *after* Adana was repaid. *See* SOF ¶¶ 7, 9, & 11. It is undisputed that the Forrest Capital Parties never applied for, much less obtained, the lines of credit. *See* SOF ¶ 17. Instead, almost immediately after they were deposited, Adana's funds were wrongly misappropriated by the Forrest Capital Parties. *See, e.g.*, SOF ¶¶ 13–15. Each time FCP wired Adana's funds out of WF Bank, WF Bank received transaction fees. *See* SOF ¶ 16. Adana was never repaid for the loans it made to WVP. *See* SOF ¶ 18.

As part of their due diligence, it is undisputed that Alastair Burlingham and Lee Vandermolen had three in-person meetings with the Forrest Capital Parties and either Zoch, their financial advisor, or Rafael, their banker. Advisors and Zoch admit that Zoch hosted a meeting at WF Advisors on October 30, 2014. *See* SOF ¶¶ 1–3. Additionally, there is ample evidence that Rafael hosted two meetings at WF Bank on March 13 and 16, 2015. *See* SOF ¶¶ 4–6. After Adana deposited the loan proceeds into FCC's account at WF Bank and the Forrest Capital Parties misappropriated the funds, Rafael, using his WF Bank email address, actively concealed the conversion. *See, e.g.*, SOF ¶¶ 19 & 20.

On May 2, 2016, Adana commenced this action, asserting claims for aiding and abetting conversion against WF Bank, WF Advisors, Rafael, Zoch, and Bermudez (Counts I–IV), and

---

[2] Plaintiff incorporates by reference its Statement of Undisputed Material Facts and attached exhibits ("SOF"), filed concurrently herewith.

claims for fraudulent misrepresentation against WF Bank, WF Advisors, Rafael, and Zoch (Counts V–VIII). *See* ECF No. 1. On July 29, 2016, Defendants filed their Answers, each asserting various affirmative defenses that fail as a matter of law.[3] *See* WF Bank Ans., ECF No. 55; WF Advisors & Zoch Ans., ECF No. 54; Bermudez Ans., ECF No. 56; Rafael Ans., ECF No. 57. For efficiency, and because the Defendants assert overlapping affirmative defenses that fail for the same reasons, Adana files this omnibus motion for partial summary judgment.

### III.    LEGAL STANDARD

"[T]he burden of establishing an affirmative defense lies on the *defendant*[.]" *Singleton v. Dep't of Corr.*, 277 F. App'x 921, 923 (11th Cir. 2008) (emphasis in the original). Where, as here, the defendants bear the burden of proof, the plaintiff need not support its summary judgment motion as to the affirmative defenses with affidavits or other similar material negating the opponent's claim. *Spoerr v. Manhattan Nat'l Life Ins. Co.*, No. 05-61891, 2007 WL 128815, at *1 (S.D. Fla. Jan. 12, 2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Rather, a moving party that does not bear the burden of proof is entitled to summary judgment in its favor where "there is an absence of evidence to support the non-moving party's case." *Id*. Significantly, "[t]he mere assertion of an affirmative defense on which the [defendant] has the burden, without supporting evidence, is insufficient to withstand a motion for summary judgment." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1361–62 (M.D. Fla.

---

[3] Since then, Defendants have stonewalled discovery, including refusing to schedule and appear for their own depositions (with the exception of Zoch, who eventually appeared on the final day of the discovery period) as well as those of certain of their employees, delaying the production of critical documents and communications until *after* the parties to the communications were deposed, withholding the disclosure of key witnesses until the second to the last day of discovery, and belatedly producing records from a previously undisclosed database until weeks after the close of discovery. On January 27, 2017, Plaintiff filed a motion for sanctions based on the discovery abuses known at that time. *See* ECF No. 241. Concurrently with this Motion, Plaintiff has filed a Supplemental Motion for Sanctions.

4

2008) *(citing Coleman v. Smith,* 828 F.2d 714, 717 (11th Cir. 1987)), *aff'd*, 306 F. App'x 471 (11th Cir. 2009).

### IV. THE COURT SHOULD ENTER SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF ON DEFENDANTS' AFFIRMATIVE DEFENSES[4]

#### A. The Bank Fraud Conspiracy Theory Fails as a Matter of Law and Is Unsupported by the Record

As the underlying premise for various iterations of their affirmative defenses, Defendants accuse Adana of conspiring with the Forrest Capital Parties to fraudulently induce WF Bank to extend credit to Weathervane based on inaccurate information (the "Bank Fraud Conspiracy Theory"). *See* Advisors & Zoch's Ans., Aff. Def. Nos. 1 & 5; Bank's Ans., Aff. Def. Nos. C–G, 2, 4, 18, & 20; Bermudez' Ans., Aff. Def. Nos. 2 & 3; Rafael's Ans., Aff. Def. Nos. 3 & 7. Generally, Defendants allege that Adana "participated in or conspired to induce a federally insured bank to provide credit based upon information Plaintiff knew to be false." *See, e.g.*, Bermudez Ans., at Aff. Def. Nos. 2 & 3; *see also* Advisors & Zoch's Ans., Aff. Def. No. 5; Bank's Ans., Aff. Def. Nos. D & 2; Rafael's Ans., Aff. Def. Nos. 3 & 7.

To assert an affirmative defense based on fraud, Defendants must prove the following elements: "(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment.'" *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. Dist. Ct. App. 2012). Additionally, under Florida law, damages are an essential element of a fraud claim. *See Casey v. Welch*, 50 So. 2d 124, 125 (Fla. 1951) ("It is of the very essence of an action of fraud or deceit that the same shall be accompanied by damage[.]"); *Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. Dist.

---

[4] Plaintiff previously filed an Omnibus Motion to Strike Defendants' Affirmative Defenses and for Partial Judgment on the Pleadings. *See* ECF No. 72.

5

Ct. App. 2004) ("actual damages is an element of an action for fraud"). Similarly, to the extent Defendants have standing to assert affirmative defenses premised on 18 U.S.C. § 1344,[5] Defendants must prove that Adana made or conspired to make a false statement to WF Bank or actively concealed material information from WF Bank. *See United States v. Teers*, 591 F. App'x 824, 844 (11th Cir. 2014) ("[a] scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property" (citation omitted)), *cert. denied*, 135 S. Ct. 1465 (2015).

Since Defendants initially alleged this bizarre theory in their motions to dismiss, Adana has maintained that it has no basis in fact or reality. Now, after six months of discovery, including depositions of Adana's corporate representative, four of Adana's attorneys, and the primary fraudsters, McConley, Van Eman, and Marroso, the record confirms that no such evidence exists to support Defendants' specious theory that Adana was somehow a co-conspirator with the individuals and entities that stole over $28 million from it with Defendants' assistance.

There is no evidence that Adana, or anyone acting on its behalf, made any false statement to WF Bank. There is no evidence that Adana was conspiring with the Forrest Capital Parties. Nor is there any evidence that WF Bank was actually the intended victim. To be sure, there is no evidence that Adana or the Forrest Capital Entities sought any money or lines of credit from WF Bank or WF Advisors in connection with the Loans. *See* SOF ¶ 17. To the contrary, the undisputed record evidence confirms that WF Bank actually received a short-term benefit from Adana being induced to deposit millions of dollars into an account at WF Bank. *See, e.g.*, SOF ¶

---

[5] Despite the Bank's eagerness to indict Adana under 18 U.S.C. § 1344, there is no private right of action under that statute. *See, e.g.*, *Park Nat. Bank of Chicago v. Michael Oil Co.*, 702 F. Supp. 703, 704 (N.D. Ill. 1989) (finding no private right of action under 18 U.S.C. § 1344, and that available remedy to the bank would be a civil action for fraud).

16; *see generally Freeman v, JP Morgan Chase Bank, N.A.*, No. 15-14944, 2017 WL 128002, at *6 (11th Cir. Jan. 13, 2017) (finding that wire and service fees qualified as a short-term benefit to the bank to defeat an adverse interest defense).

Accordingly, because there is no evidence whatsoever to substantiate Defendants' Bank Fraud Conspiracy Theory, the Court should enter summary judgment in Plaintiff's favor on all related affirmatives defenses. *See Harvey*, 568 F. Supp. 2d at 1361–62.

### B. The Florida Usury Theory and Related Defenses Fail as a Matter of Law and Are Unsupported by the Record

As an additional underlying premise for many of their affirmative defenses, Defendants allege that the underlying loan documents violate Florida's usury law (the "Florida Usury Theory"). *See* Advisors & Zoch's Ans., Aff. Def. No. 1; Bank's Ans., Aff. Def. Nos. G, 2–4; Bermudez' Ans., Aff. Def. Nos. 2–4; Rafael's Ans., Aff. Def. No. 3. As this Court is well aware, the Eleventh Circuit recently confirmed that a bank that was not a party to the underlying loan agreement (like WF Bank and WF Advisors, here) does not have standing to raise usury as a defense to aiding and abetting claims and fraud claims. *See Freeman v. JP Morgan Chase Bank, N.A.*, No. 15-14944, 2017 WL 128002, at *7 n.9 (11th Cir. Jan. 13, 2017) ("the Bank may not assert a usury defense in this case because, as Florida courts have explained, 'usury is purely a personal defense' that belongs to the borrower") (noting Ungaro, J. sat by designation).[6] Because it is undisputed that none of the Defendants was a party to the underlying loan agreements, *see* SOF ¶¶ 8, 10, & 12, the related defenses fail as a matter of law. *See Freeman*, 2017 WL 128002, at *7 n.9.

---

[6] In *Freeman*, as in this case, the bank defendant attempted to assert an unclean hands affirmative defense premised on the underlying loan being criminally usurious under Florida law. *See* JP Morgan Chase Bank, N.A.'s Answer and Affirmative Defenses [ECF No. 70], at Fifth Aff. Def., filed in *Freeman v. JP Morgan Chase Bank, N.A.*, Case 6:14-cv-00121-ACC-KRS (M.D. Fla.).

Moreover, because the underlying loan agreements are *not* governed by Florida law, *see* SOF ¶¶ 7, 9, & 11, Defendants' Florida Usury Theory collapses of its own weight and fails as a matter of law for this reason too. Put simply, each of the loan agreements contains an express choice of law of provision of English law: "This Agreement and any non-contractual obligations arising out of or in relation to this Agreement shall be governed by English law." *See* May 15, 2015 Loan Agreement ¶ 25.5, June 22, 2015 Loan Agreement ¶ 25.5, and July 13, 2015 Loan Agreement ¶ 25.5, at SOF ¶¶ 7, 9, & 11.

It has long been settled that, under these circumstances, Florida's usury statute is simply irrelevant, and there is no impediment to Adana seeking recovery of the interest due under these loans in this Court. *See Morgan Walton Prop., Inc. v. Int'l City Bank & Trust Co.*, 404 So. 2d 1059, 1063 (Fla. 1981) (holding loans that provided for interest rates that were legal under the laws of the state that governed the loans pursuant to the parties' choice of law were enforceable in Florida courts even though interest rates would be usurious under Florida law); *see also, e.g.*, *L'Arbalete, Inc. v. Zaczac*, 474 F. Supp. 2d 1314, 1321 (S.D. Fla. 2007) (noting Florida's usury statute does not eviscerate a contractual choice of law provision). This rule is sensible, as a contrary one would have unconstitutionally broad extraterritorial effect and substantially impede interstate and foreign commerce.

Because Defendants, as non-parties to the underlying loan agreements, lack standing to raise usury as a defense, and, in any event, it is undisputed that English, and not Florida, law governs the underlying loan agreements, Defendants' Florida Usury Theory fails as a matter of law. Accordingly, the Court should enter summary judgment in favor of Adana on Defendants' Florida Usury Theory and corresponding affirmative defenses.

### C. The *In Pari Delicto* Affirmative Defenses Fail as a Matter of Law and Are Unsupported by the Record

Defendants assert *in pari delicto* as an affirmative defense based on some combination of the Bank Fraud Conspiracy Theory and the Florida Usury Theory. *See* Advisors & Zoch's Ans., Aff. Def. No. 1; Bank's Ans., Aff. Def. Nos. 2; Bermudez' Ans., Aff. Def. No. 2; Rafael's Ans., Aff. Def. No. 3. Because both the Bank Fraud Conspiracy Theory lacks any record support and the Florida Usury Theory fails as a matter of law and lacks any record support, the Court should enter summary judgment in favor of Plaintiff on Defendants' *in pari delicto* affirmative defenses. *See* Parts IV(A)&(B), *infra.*

Additionally, the Court should find that the *in pari delicto* affirmative defenses fail as a matter of law, because there is no record evidence to support the elements. *See Harvey*, 568 F. Supp. 2d at 1361–62. *In pari delicto* is a common law defense that stands for the proposition that "one who himself engages in a fraudulent scheme, that is, acts *in pari delicto,* may forfeit his right to any legal remedy *against a co-perpetrator.*" *Kulla v. E.F. Hutton & Co.*, 426 So. 2d 1055, 1057 (Fla. Dist. Ct. App. 1983) (citations omitted; emphasis added). To be a viable defense, both the plaintiff and the defendant must have "participate[d] in the same wrongdoing" and be "[e]qually at fault." *Ekins v. Harbourside Funding, LP*, Case No. 14–80479–CIV, 2014 WL 4655756, at *5 (S. D. Fla. Sept. 17, 2014) (quoting *Earth Trades, Inc. v. T & G Corp.,* 108 So. 3d 580, 583 (Fla. 2013)). "Plaintiffs who are truly *in pari delicto* are those who have themselves violated the law *in cooperation with the defendant.*" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1308–09 (11th Cir. 2013) (quoting *Pinter v. Dahl*, 486 U.S. 622, 636, 108 S. Ct. 2063, 2053 (1988) (emphasis in original)).

In other words, for the Defendants' *in pari delicto* defenses to be viable, Defendants would need to prove that that they were co-conspirators with Adana to engage in the Bank Fraud

9

Conspiracy Theory and the Florida Usury Theory. They have not done so. There is no evidence, nor could there be, that Adana acted in concert with any of the Defendants when it entered into the underlying loans agreements. To be sure, it is undisputed that none of the Defendants was party to the loan agreements, *see* SOF ¶¶ 7, 9, & 11, nor is there any evidence that the Defendants were to profit from the supposedly illegal interest rates. Similarly, there is no evidence that Adana acted in concert with any of the Defendants to supposedly defraud WF Bank. Accordingly, the Court should enter summary judgment in Plaintiff's favor on Defendants' *in pari delicto* affirmative defenses. *See Harvey*, 568 F. Supp. 2d at 1361–62.

### D. The Unclean Hands Affirmative Defenses Fail as a Matter of Law and Find No Support in the Record

Similarly, each of the Defendants assert unclean hands as an affirmative defenses based on some combination of the Bank Fraud Conspiracy Theory and the Florida Usury Theory. *See* Advisors & Zoch's Ans., Aff. Def. No. 5; Bank's Ans., Aff. Def. No. 20; Bermudez' Ans., Aff. Def. No. 3; Rafael's Ans., Aff. Def. No. 7. These claims fail to the extent they rely on the Bank Fraud Conspiracy Theory and the Florida Usury Theory. *See* Parts IV(A)&(B), *infra*.

Additionally, the Defendants' unclean hands affirmative defenses fail as a matter of law because that affirmative defense is simply inapplicable to Plaintiff's claims, which seek damages only. Traditionally, unclean hands is a defense to requests for equitable remedies. *See, e.g.*, *Regions Bank v. Old Jupiter, LLC*, Case No. 10-80188-CIV, 2010 WL 5148467, at *6 (S.D. Fla. Dec. 13, 2010) ("The unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses."), *aff'd*, 449 F. App'x 818 (11th Cir. 2011); *Royal Palm Prop., LLC v. Premier Estate Prop., Inc.*, Case No. 10-80232-CV, 2010 WL 3941745, at *2 (S.D. Fla. Oct. 6, 2010) ("the unclean hands doctrine traditionally only applies to equitable remedies and does not bar a plaintiff from recovering damages" (citation omitted)). As such,

judges in this District have consistently held that "the doctrine of unclean hands is applicable only to a claim for equitable relief, not a claim for damages." *SMK Assoc., LLC v. Lorali, Inc.*, No. 14-CV-61460, 2015 WL 11199687, at *4 n.8 (S.D. Fla. Jan. 21, 2015) (Williams, J.); *see also, e.g.*, *Regions Bank v. Commonwealth Land Title Ins. Co.*, 977 F. Supp. 2d 1237, 1268 (S.D. Fla. 2013) (Scola, J.); *Nature's Prod., Inc. v. Natrol, Inc.*, 990 F. Supp. 2d 1307, 1317 (S.D. Fla. 2013) (Dimitrouleas, J.); *Coquina Inv. v. Rothstein*, No. 10-60786-CIV, 2011 WL 4971923, at *15 (S.D. Fla. Oct. 19, 2011) (Cooke, J.), *aff'd*, 760 F.3d 1300 (11th Cir. 2014); *Regions Bank*, 2010 WL 5148467, at *6 (Hurley, J.); *Royal Palm Prop., LLC v. Premier Estate Prop., Inc.*, Case No. 10-80232-CV, 2010 WL 3941745, at *2 (S.D. Fla. Oct. 6, 2010) (Cohn, J.). Here, because Adana seeks damages only as its remedy and not any form of equitable relief, this Court should join the consensus in this District, and enter summary judgment in Plaintiff's favor on Defendants' unclean hands affirmative defenses.

Additionally, there is no record evidence to support the actual elements of unclean hands. To assert an unclean hands defense, a defendant must plead and prove two elements: (i) "the plaintiff's wrongdoing is directly related to the claim against which it is asserted;" and (ii) the defendant was personally injured by the plaintiff's conduct. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993).

Here, there is no evidence that any of the Defendants have been "personally injured" by the supposedly usurious interest rates or by Adana allegedly conspiring with the fraudsters who stole over $28 million of Adana's funds. Accordingly, even if there was any shred of viability to Defendants' Bank Fraud Conspiracy Theory or the Florida Usury Theory, absent evidence that Defendants were "personally injured" by the supposed conspiracy and interest rates, the unclean hands affirmative defenses fail as a matter of law. *See Calloway*, 986 F.2d at 450–51 ("even if

11

directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct" (citation omitted)); *Mid–Continent Casualty Co.*, 765 F. Supp. 2d at 1361 ("Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) . . . .").

For these reasons, the Court should enter summary judgment in Plaintiff's favor on Defendants' unclean hands affirmative defenses. *See Regions Bank*, 2010 WL 5148467, at *6; *Harvey*, 568 F. Supp. 2d at 1361–62.

### E. The Justifiable Reliance and Due Diligence Affirmative Defenses Fail as a Matter of Law, Because They Are Immaterial to Adana's Claims

Defendants also assert that they cannot be liable to Adana for fraudulent misrepresentation, because Adana did not justifiably or reasonably rely on the representations made by Zoch and Rafael. *See* Advisors Ans., Aff. Def. Nos. 2 & 8; Bank Ans.. Def. No. H, I, 13; Rafael Ans., Aff. Def. No. 9. Relatedly, Defendants assert that Adana "fail[ed] to conduct an inquiry or perform adequate due diligence." *See* Advisors Ans., Aff. Def. No. 2; *see also* Bermudez Ans., Aff. Def. No. 4; Rafael Ans., Aff. Def. No. 4. Because these defenses are entirely irrelevant to Adana's claims, they fail as a matter of law. *See Harvey*, 568 F. Supp. 2d at 1361–62.

As the Florida Supreme Court has made crystal clear, "[j]ustifiable reliance is not a necessary element of fraudulent misrepresentation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). Indeed, the victim of a fraudulent misrepresentation "may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation," *i.e.*, conducted due diligence. *See id.* (citing *Besett v. Basnett*, 389 So. 2d 995, 998 (Fla. 1980)). Nor is there any authority for the proposition that reliance or due diligence are elements of aiding and abetting conversion. Accordingly, because these defenses fail as a matter

12

of law and are irrelevant to Adana's claims, the Court should enter summary judgment in Plaintiff's favor. *See Harvey*, 568 F. Supp. 2d at 1361–62.

### F. The Waiver and Estoppel Affirmative Defenses Fail as a Matter of Law

Defendants also assert boilerplate waiver and estoppel affirmative defenses, without setting forth the requisite elements. *See* Advisors & Zoch's Ans., Aff. Def. No. 11; Bermudez' Ans., Aff. Def. No. 11; Rafael's Ans., Aff. Def. No. 11. These too are not supported by any evidence, and fail as a matter of law. *See Harvey*, 568 F. Supp. 2d at 1361–62.

### V. CONCLUSION

For the foregoing reasons, Adana respectfully requests that the Court enter partial summary judgment in its favor on Defendants' affirmative defenses.

Dated:  February 24, 2017                                    Respectfully submitted,

**KOBRE & KIM LLP**

/s/ John D. Couriel
John D. Couriel
Fla. Bar No. 831271
Stephanie L. Hauser
Fla. Bar No. 92765
2 South Biscayne Boulevard
Miami, FL 33131
Tel: +1 305 967 6100
Fax: +1 305 967 6120
john.couriel@kobrekim.com
stephanie.hauser@kobrekim.com

*Attorneys for Plaintiff Adana Investing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed on February 24, 2017, with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF, by electronic mail to *Pro Se* Defendant Benjamin Rafael.

                                                    /s/ John D. Couriel
                                                    John D. Couriel

## SERVICE LIST

Joseph A. Vallo (valloj@gtlaw.com)
Beth A. Black (blackb@gtlaw.com)
Eva Spahn (spahne@gtlaw.com)
GREENBERG TRAURIG LLP
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
*Counsel for Defendants Wells Fargo Advisors, LLC and Paul Zoch*

Barbara J. Riesberg
(Barbara@riesberglaw.com)
RIESBERGLAW
2601 South Bayshore Drive, Suite 1100
Miami, FL 33133
*Counsel for Defendant Hernan Bermudez*

Arturo V. Hernandez
(avhlawpa@gmail.com)
Ramon Hernandez
(rayhernandezesq@gmail.com)
ARTURO V. HERNÁNDEZ, P.A.
Courthouse Center
40 NW 3 Street, Suite 200
Miami, Florida 33128
*Counsel for Non-Parties*

Justin L. Dees (jdees@trenam.com)
Charles M. Harris (charris@trenam.com)
Stephanie S. Leuthauser
(sleuthauser@trenam.com)
Beth A. Cronin (bcronin@trenam.com)
TRENAM KEMKER
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
*Counsel for Defendant Wells Fargo Bank, N.A.*

Benjamin Rafael
(benrafael12@aol.com)
11111 Biscayne Boulevard
Unit 1900
Miami, FL
*Pro Se*