## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-CV-21562-UNGARO/OTAZO-REYES

ADANA INVESTING, INC.,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,
WELLS FARGO ADVISORS, LLC,
BENJAMIN RAFAEL,
HERNAN BERMUDEZ,
and PAUL ZOCH,

      Defendants.

_____/

### **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

      Defendant Wells Fargo Bank, N.A. (the "**Bank**"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, moves for entry of summary final judgment in its favor on the claims asserted against it by plaintiff Adana Investing, Inc. ("**Plaintiff**").

**I.      INTRODUCTION**

      Plaintiff's complaint alleges the Bank, through a former entry-level employee, fraudulently induced Plaintiff to loan $28.5 million to an entity affiliated with a Bank customer Plaintiff only later realized was engaged in a fraud. Plaintiff further alleges the Bank aided and abetted in the conversion of funds Plaintiff loaned to its borrower, so the Bank could temporarily increase funds on deposit in customer accounts and earn ordinary-course fees based on transactions in those accounts. Based on these allegations, Plaintiff argues the Bank effectively became the guarantor of Plaintiff's borrower, which was not a Bank customer. Plaintiff now seeks to recover from the Bank all sums Plaintiff's borrower had contracted to pay Plaintiff. Those sums include the principal of Plaintiff's "loans," the criminally usurious interest Plaintiff charged, as well as the fees of those who "arranged" the transactions and Plaintiff's transactional attorneys.

The undisputed facts established of record in support of this motion demonstrate that the damages Plaintiff claims to have suffered were self-inflicted.  Plaintiff was so eager to earn usurious interest that it agreed to loan funds in an attempt to defraud the Bank into extending tens of millions of dollars of credit to Plaintiff's borrower, allegedly to finance the production of films.  Plaintiff intended that its short-term loans would be used by its borrower to pledge as collateral to the Bank and thereby "unlock" a credit line.  Once Plaintiff's borrower had access to the credit line, it was to draw down funds from the Bank as needed to "redeem" the cash collateral that had been on short-term loan from Plaintiff.  In essence, Plaintiff's loan would be repaid from the proceeds of the credit extended by the Bank, plus interest and fees.  Plaintiff has no claim against the Bank, and the Bank is entitled to entry of final judgment in its favor and against Plaintiff as a matter of law.

**II.      SUMMARY OF CLAIMS AND UNDISPUTED FACTS OF RECORD**

Following is a summary of the Plaintiff's claims and the undisputed material facts of record set forth in the Bank's Statement of Material Facts [hereinafter, "SMF"] filed in support of this motion.







5



annexed.









III.   <u>ARGUMENT</u>

a.   **Summary Judgment Standard.**

"The plain language of Fed. R. Civ. P. 56(c) mandates the entry of summary judgment …
against a party who fails to make a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear the burden of proof at trial."
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Pruitt v. P.P.G. Industry, Inc.*, 895 F.2d 734,
736 (11th Cir. 1990).   "A complete failure of proof concerning an essential element of the
nonmoving party's case necessarily renders all other facts immaterial."   *Celotex*, 477 U.S. at 322.

The mere existence of some evidence to support the nonmoving party's position is
insufficient to avoid summary judgment.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247
(1986).   To counter a properly supported motion for summary judgment, an adverse party "must
set forth specific facts showing that there is a genuine issue for trial."   Fed. R. Civ. P. 56(e).
Issues of fact are genuine only if a reasonable fact-finder, considering the evidence presented,
could find for the nonmoving party.   *See Anderson,* 477 U.S. at 248.   Under these standards, the
Bank is entitled to summary judgment on Plaintiff's claims.

b.   **Plaintiff Cannot Establish the Elements of Fraudulent Misrepresentation.**

Under Florida law, the elements of a claim for "actionable fraud are (1) a false statement
concerning a material fact; (2) knowledge by the person making the statement that the
representation is false; (3) the intent by the person making the statement that the representation

will induce another to act on it; and (4) reliance on the representation to the injury of the other party. . . .  [T]here must be an intentional material misrepresentation upon which the other party relies to his detriment."  *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).  Plaintiff cannot establish these elements with respect to the Bank, and the Bank is entitled to summary judgment on this claim.

Plaintiff's fraudulent misrepresentation claim against the Bank and its affiliate Wells Fargo Advisors, LLC ("**Advisors**") relates to statements allegedly made to Burlingham and Vandermolen at a time when Plaintiff's identity was unknown to anyone at the Bank or to Weathervane or FCP.  The claims are premised on four categories of alleged representations:

- Representations made at a meeting in October 2014, that was not attended by Rafael or any other Bank employee;
- Representations allegedly made by Rafael at two March 2015 meetings regarding the assets of FCP and prior successful financing deals;
- Correspondence on fake Bank letterhead allegedly signed by Rafael, only one of which was dated while Rafael was employed with the Bank, regarding the WVPH Collateral Account, into which Plaintiff never even deposited funds, having instead wired the funds to an unrestricted account; and
- Email correspondence allegedly from Rafael regarding the funding of the match by FCP.

Because no employees of the Bank attended the October 2014 meeting, there is no basis for liability against the Bank as to any statements made at that meeting.  With respect to the two March 2015 meetings, there is no evidence to support the inference that Rafael intended that any statement he may have made at those meetings would be repeated for the purpose of inducing others, such as Plaintiff, to rely upon them.   To establish a claim for fraudulent misrepresentation, it is not enough to present evidence of reliance.  A plaintiff must establish "that the representor *intended* that the misrepresentation would induce another to rely on it." *Brown v. Chamax*, *LLC*, 51 So. 3d 552, 555 (Fla. 2d DCA 2010) (emphasis in original).  Accordingly, a claim for fraud is properly dismissed in the absence of evidence that the plaintiff "was the intended victim of the alleged fraud or had any personal dealings with" the representor, or that at the time the representations were made, the representor knew and intended that the representations would be repeated for the purpose of inducing others to act in reliance upon

them.  *See Brown* at 554-555.  There is no evidence that Burlingham or Vandermolen told Rafael that they intended to relay to Plaintiff or anyone else not present the representations Rafael allegedly made to them, or that Plaintiff or anyone else not present would be relying upon them. Plaintiff had not been identified even to its own California lawyer Klein until late April 2015, and was not identified to Rafael or anyone else at the Bank until at least early May 2015. Accordingly there is no evidence to support an inference that Rafael intended any statement he may have made in March 2015 to have been relied upon by Plaintiff or anyone else not present.

Moreover, Plaintiff can establish neither actual nor justifiable reliance with respect to any of the alleged representations Plaintiff attributes to Rafael.  It is well-settled that, without actual and justifiable reliance, there can be no actionable fraud.  *Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1057 (Fla. 4th DCA 1999); *see also Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (holding that the recipient "may rely on the truth of a representation . . . unless he knows the representation to be false *or its falsity is obvious*" (emphasis added)).  The falsity of a representation is "obvious" when "a mere cursory glance would have disclosed the falsity of the representation."  *M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91, 93 (Fla. 2002) (quoting *Besett v. Basnett*, 389 So. 2d 995, 997 (Fla. 1980)).  For example, a person cannot sign a contract that he or she did not read and then claim to have relied on earlier oral representations that are contradicted by the signed contract.  *See Addison v. Carballosa*, 48 So. 3d 951, 956 (Fla. 3d DCA 2010).

The record evidence is undisputed that Plaintiff could not have actually or justifiably relied on the representations and promises Plaintiff alleges that Rafael made.  First, there is no evidence to demonstrate that Rafael had authority, actual or apparent, to make representations regarding the accounts in any of the written correspondence.  Before Plaintiff entered into the underlying transactions, Plaintiff's lawyers expressly recognized that there would have to be limits on Rafael's actual authority that might not extend to making the representations they wanted and that Plaintiff now claims to have relied upon.  Plaintiff's lawyers were right.



There is no evidence to support an inference that Rafael had apparent authority to bind the Bank.  To establish apparent authority under Florida law, a plaintiff must show: (1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the party's belief was reasonable; and (3) the third party reasonably acted on such belief to his detriment.  *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009).  Apparent authority does not arise from the subjective understanding of the person dealing with the purported agent, nor from the appearance created by the purported agent himself.  *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1354-55 (S.D. Fla. 2000).  Instead, apparent authority exists only when the principal creates the appearance of an agency relationship.  *Id.* (dismissing claims based on apparent authority when the only evidence of authority came from the purported agent, not the principal).

Even if Rafael claimed that he had authority to act on behalf of the Bank, there is no evidence of any manifestation by the Bank that suggested Rafael had authority to act on its behalf at the purported March 2015 meetings or to make any other representations on which Plaintiff claims to have relied.  Further, Plaintiff could not have believed in good faith that Rafael had such authority, because Plaintiff knew—and it was obvious—that Rafael did *not* in fact have such authority.  One of Plaintiff's attorneys, Klein, asked Mr. Van Eman whether Rafael was authorized to act to bind the Bank and at first received no response.  The statement

that Rafael was a "duly authorised signatory" for the Bank had been removed from the first version of the unauthenticated May 2015 letter that Van Eman had sent to Plaintiff's lawyers. Another of Plaintiff's attorneys, Clarke, caught the deletion, recognized that Plaintiff would need a document from the Bank itself (instead of from Rafael) regarding Rafael's authority to bind the Bank, and requested such documentation.  But, Plaintiff never received any such documentation from the Bank.  Instead, Plaintiff received from Van Eman an email attributed to Rafael, expressly stating that he was "*not authorized to commit the bank as whole*" to terms of an agreement to which the Bank was not a party.  Despite this knowledge, Plaintiff chose to proceed, and did nothing to contact the Bank "to get a direct 'from the horse[']s mouth' answer" to any of its attorneys' questions and concerns about Rafael's authority.  Plaintiff proceeded to transfer funds to an unrestricted account that is not even mentioned in the unauthenticated letters. As discussed in greater detail below, for this reason alone Plaintiff did not actually rely on Rafael's alleged representations regarding the WVPH Collateral Account, because Plaintiff transferred the funds into another, unprotected account.

Even if the Court were to decide that nonetheless Rafael could be found to have had apparent authority to act on behalf of the Bank, Plaintiff cannot establish the elements of fraudulent misrepresentation with respect to the March 2015 meetings, or any subsequent correspondence from Rafael.  The Bank disputes that any actionable representations were ever made, but assuming for the purposes of summary judgment that such statements were made, none of them support a claim for fraudulent misrepresentation.  The statements are either vague and general statements, or purported promises to take future action that are not actionable as a matter of law.  A claim for fraudulent misrepresentation may be based only on a false statement concerning a specific material fact, not on general statements or promises to do or not do something at some unspecified future time.  *Thompkins v. Lil' Joe Records*, 476 F.3d 1294, 1315-16 (11th Cir. 2007).

Alleged representations that FCP and its affiliates were customers of the Bank and Advisors in good standing were not false at the time they were allegedly made in March 2015. To the extent that Plaintiff is attempting to argue that the FCP affiliates were not customers "in good standing," that representation is too vague and uncertain to be actionable.  *See Century 21 Admiral's Port, Inc. v. Walker*, 471 So. 2d 544 (Fla. 3d DCA 1985) (affirming dismissal of fraudulent misrepresentation claim where alleged statement was too indefinite to justify

reliance).  Alleged representations regarding the "substantial assets" that FCP and its affiliates held at the Bank and Advisors *Id.* are likewise vague and uncertain.

The alleged representations regarding the Bank's purported intent to restrict the WVPH Collateral Account and extend a line of credit are promises of future action which cannot form the basis for a fraud claim.  *See Plantation Key Dev., Inc. v. Colonial Mortgage Co. of Ind., Inc.*, 589 F.2d 164, 172 (5th Cir. 1979).  Under Florida's Banking Statute of Frauds, oral statements or promises to extend credit are not actionable in the absence of a written credit agreement.  *See Fla. Stat.* § 687.0304(2) ("A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.").  The plain meaning of this statute prohibits a plaintiff from asserting claims "which are based, according to the allegations and proof, on an oral promise to extend credit."  *Puff'N Stuff of Winter Park, Inc. v. Bell*, 683 So. 2d 1176, 1177 (Fla. 5th DCA 1996).  A plaintiff cannot plead around the Banking Statute of Frauds by asserting tort claims, including claims for fraud or misrepresentation.  *See Mark Andrew of the Palm Beaches, Ltd. V. GMAC Commer. Mortg. Corp.*, 265 F. Supp. 2d 366, 379-80 (S.D.N.Y. 2003) (applying Florida law).

Finally, any reliance Plaintiff placed on any representations or unauthorized and unauthenticated correspondence when it deposited funds into the unrestricted FCC Account was not justifiable as a matter of law.  It is not justifiable for Plaintiff to have made payments into the unprotected FCC Account, when that account was not even mentioned in the letters.  *See FDIC v. High Tech Medical Systems, Inc.*, 574 So. 2d 1121 (Fla. 4th DCA 1991) (granting summary judgment in favor of accounting firm based on lack of justifiable reliance where plaintiff alleged that the firm promised to guarantee company's receivables and inventory, but the firm's reports contained an express disclaimer that stated it was not guaranteeing receivables and inventory). Plaintiff's lawyers did not bother seeking assurances from an authorized representative of the Bank, and they did not even bother to transfer Plaintiff's funds for each of the three transactions into the WVPH Collateral Account that was referenced in the unauthenticated and unauthorized letters purporting to be signed by Rafael, only one of which was dated while Rafael was employed by the Bank. The account Plaintiff transferred the funds into—the FCC Account—was unrestricted and owned and controlled by FCC.  *See id*. Moreover, despite its insistence that Ms. Bastaroli be a signer on the WVPH Collateral Account, Plaintiff never followed up on making

Ms. Bastaroli a signer on the FCC Account or any other account at the Bank.  Despite all the attorneys, time, money and effort Plaintiff claims to have expended attempting to protect itself, Plaintiff actually proceeded without relying on *any* of those protections.

Plaintiff cannot establish the essential elements of its fraud claim, and the Bank is entitled to summary judgment in its favor on that claim.

### c. Plaintiff Cannot Establish the Elements of Aiding and Abetting Conversion.

To prevail on its aiding and abetting conversion claim, Plaintiff must prove *both* the elements of an underlying conversion, and that the Bank aided and abetted that conversion. Plaintiff cannot prove either.  The elements of conversion are: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein.  *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 2000) (*citing Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993)).  To establish conversion, Plaintiff must show that Plaintiff had possession of the property or had the right to possess the property at the time of the alleged conversion.  *U.S. v. Bailey*, 419 F.3d 1208, 1214-15 (11th Cir. 2005).  To establish a claim for aiding and abetting, Plaintiff must establish the elements of an underlying tort (here, conversion), the Bank's knowledge of the underlying tort, and the Bank's rendering of substantial assistance in the commission of the tort.  *Lawrence v. Bank of America, N.A.*, 455 Fed. App'x 904, 906 (11th Cir. 2012).

Plaintiff claims the Bank aided and abetted FCP in converting Plaintiff's loan proceeds. These loan proceeds were money, and money cannot be the subject of conversion unless it can be readily identified with a special mark or unless it is placed in a trust.  *Indus. Park Dev. Corp. v. American Express Bank, FSB,* 960 F. Supp. 2d 1363, 1367 (M.D. Fla. 2013).  *See also IberiaBank v. Coconut 41, LLC,* 984 F. Supp. 2d 1283 (M.D. Fla. 2013) (for money to be the object of conversion, there must be an obligation to keep intact or deliver the specific money in question, so that the money can be identified); *Gasparini v. Pordominogo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008) (same).



███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████  Thus,

Plaintiff's money was not kept separate, and it cannot be readily identified.   That fact is fatal to

Plaintiff's conversion claim because an action for conversion of money can only be maintained

where the money at issue has been kept separate.  *Rupp v. Schon*, 608 So. 2d 934, 935 (Fla. 4th

DCA 1992).

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████



In effect, the Bank's collateral was to be "purchased" with the Bank's own loan proceeds, like the bonds that served as collateral in *Teers* were purchased with the proceeds of the loan the bonds were to have secured.  Plaintiff cannot establish the essential elements of its aiding and abetting conversion claim, and the Bank is entitled to summary judgment in its favor on that claim.

IV.     **CONCLUSION**

For the reasons set forth herein, the Bank is entitled to summary judgment on Counts I and V of Plaintiff's complaint.

/s/ Stephanie Leuthauser
Charles M. Harris, Jr.  – FBN: 967459
(Lead Trial Counsel)
charris@trenam.com; gkesinger@trenam.com
Beth A. Cronin – FBN: 0054933
bcronin@trenam.com; slord@trenam.com
Stephanie Leuthauser – FBN: 44981
sleuthauser@trenam.com; jamer@trenam.com
**TRENAM, KEMKER, SCHARF, BARKIN,**
  **FRYE, O'NEILL & MULLIS, P.A.**
200 Central Avenue, Suite 1600
St. Petersburg, FL  33701
727-896-7171  /  727-822-8048 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will forward a copy of the foregoing, together with the notice of electronic filing of same, via email to all counsel of record on the Service List below and a true and correct copy was sent via U.S. Mail to Benjamin Rafael, 11111 Biscayne Boulevard, Unit 1900, Miami, FL 33181 on this 24 day of February, 2017.


/s/ Stephanie Leuthauser
                                    Attorney

## SERVICE LIST

**Adana Investing, Inc. v. Wells Fargo Bank, N.A., et. al.**
**Case No. 1:16-cv-21562- UNGARO/OTAZO-REYES**
**United States District Court, Southern District of Florida**

John D. Couriel, Esq.
Stephanie L. Hauser, Esq.
Kobre & Kim LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
john.couriel@kobreim.com
stephanie.hauser@kobrekim.com
*Counsel for Plaintiff*

Barbara J. Riesberg, Esq.
RiesbergLaw
Biscayne Bank Tower, Suite 1100
2601 South Bayshore Drive
Miami, FL 33133
barbara@riesberglaw.com
*Counsel for Defendant Hernan Bermudez*

Beth A. Black, Esq.
Joseph A. Vallo, Esq.
Eva Spahn, Esq.
Greenberg Traurig LLP
blackb@gtlaw.com
hernandezt@gtlaw.com
valloj@gtlaw.com
tousap@gtlaw.com
spahne@gtlaw.com
FLService@gtlaw.com
777 South Flagler Drive, Suite 300 E
West Palm Beach, FL  33401
*Counsel for Defendants Wells Fargo Advisors, LLC and Paul Zoch*