UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-21562-UNGARO/ OTAZO- REYES

ADANA INVESTING, INC.,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A. et al.,

    Defendants.
_____/

### DEFENDANT HERNAN BERMUDEZ' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Hernan Bermudez ("Bermudez"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, files this memorandum in opposition to the Motion for Partial Summary Judgment [D.E. 333] filed by Plaintiff, Adana Investing, Inc. ("Adana"). In support of his opposition, Bermudez incorporates and adopts the facts, record citations, arguments and authorities set forth by Wells Fargo Bank in its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, and, its Response to Plaintiff's Statement of Material Facts and Counterstatement of Material Facts [D.E. 402]. In further support, Bermudez states the following:

Adana's Motion for Partial Summary Judgment should be denied in its entirety. First, Adana mischaracterizes the facts pertaining to the affirmative defenses as being "undisputed," especially the facts pertaining to the defenses of waiver and *in pari delicto*. *See* D.E. 56, Bermudez Ans., Aff. Def. No.s 2, 4, and 11. Second, Adana does mental gymnastics to recast Bermudez' defenses in an effort to avoid applicable substantive law detrimental to its claims.

The Court should view the facts in the light most favorable to the Defendants. *See, e.g., Becks v. Emery-Richardson, Inc.,* 86-6866-CIVGONZALEZ, 1990 WL 303548, at *48 (S.D. Fla. Dec. 21, 1990) ("The summary judgment standard explicated [in *Celotex*] applies when a party moves for summary judgment on an affirmative defense.")

The Court should likewise the facts in terms of the totality of the circumstances.

Adana was making a high-risk, high-interest international business loan – and yet its due diligence was sloppy and incomplete. The due diligence was also tainted because Adana improperly relied on the judgment of two non-parties who had a major financial stake in the outcome. References of the Forrest Capital Parties were not checked and public court-filings were not appropriately investigated. Good legal advice was ignored, including express advice by the Shepard Mullin law firm for Adana to confirm whether Benjamin Rafael had authority to speak for Wells Fargo Bank in the matter.

Critically, when Adana ultimately funded the transactions, it disregarded the protections built into its own loan documents, most importantly, the requirement of using an restricted account from which funds could not be removed without Adana's consent. The last clear chance to avoid the calamity occurred when Adana's own lawyers in London, pulled the trigger by wiring funds into an account over which Adana ***did not have control.*** Their sloppiness and deliberate risk-taking are relevant to both liability and damages in this case.

As to liability, a reasonable jury could conclude that Adana waived its right to sue for fraud once it decided to wire funds to an unrestricted account that was not owned by any party to the transactions. Once Adana deviated from the protections afforded by its own loan documents, and wired funds into an unrestricted account over which it had no ownership or control, a jury could conclude Adana assumed the risk of losing its entire investment.

As to damages: Adana, a BVI corporation, has come to court in the United States (although it seeks to circumvent U.S. usury laws) to recover not only its principal investment, but also the **$9 million** it expected to gain as a ***profit*** from its high-interest loan transaction. A jury could (and should) reasonably find, as to such claimed damages, that Adana waived its right to collect any "benefit of the bargain" because, again, it decided to proceed with the transaction despite knowing that the borrower had failed to comply with the protections in the loan documents, especially the creation of a restricted account. Stated otherwise, a jury could find that neither Wells Fargo Bank nor its employees were responsible for guaranteeing 100% of the success and profitability of risky business ventures engaged in by its customers and their non-customer clients.

Bermudez has a constitutional due process right to present evidence in support of his affirmative defenses to a jury and respectfully requests that Plaintiff's Motion for Partial Summary Judgment be denied in its entirety. *See F.D.I.C. v. Lacentra Trucking, Inc.*, 157 F.3d 1292, 1299 (11th Cir. 1998) (finding that investors were denied due process in not being able to present affirmative defenses).

WHEREFORE, Bermudez respectfully requests that the Court enter an Order denying Plaintiff's Motion for Partial Summary Judgment and for all other relief this Court deems appropriate and just.

Respectfully submitted,

RIESBERGLAW

Biscayne Bank Tower, Suite 1100
2601 South Bayshore Drive
Miami, Florida  33133
Telephone:  (305) 371-9617
Facsimile: 1 (305) 371-9628
Email: Barbara@riesberglaw.com


By:     /s/ Barbara J. Riesberg
          BARBARA J. RIESBERG
          Florida Bar No.: 965715

*Counsel for Defendant Hernan Bermudez*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 10, 2017 by email on all counsel, and via U.S. Mail on all Pro Se parties of record on the attached Service List.

By:     /s/ Barbara J. Riesberg
          BARBARA J. RIESBERG

**SERVICE LIST**

John Daniel Couriel, Esquire
Stephanie L. Hauser, Esquire
Kobre & Kim, LLP
2 South Biscayne Boulevard, 35th Floor
Miami, Florida  33131
Main Telephone: (305) 967-6100
Facsimile: (305) 967-6120
Email: john.couriel@kobrekim.com; stephanie.hauser@kobrekim.com;
waleska.moncada@kobrekim.com
*Counsel for Adana Investing, Inc.*

Brad H. Samuels
Kobre & Kim, LLP
1919 M Street, NW
Washington D.C., 200036
Telephone: (202)664-1900
Email: brad.samuels@kobrekim.com
*Co-Counsel for Adana Investing, Inc.*

Jay Y. Mandel, Esquire
Kobre & Kim, LLP
800 Third Avenue
New York, New York  10022
Telephone: +1 (212) 488-1200
Facsimile: +1 (212) 488-1220
Email: jay.mandel@kobrekim.com
*Co-Counsel for Adana Investing, Inc.*

Bradley Muhs, Esquire
Charles M. Harris, Esquire
Beth A. Cronin, Esquire
Stephanie S. Leuthauser, Esquire
Brigid A. Merenda, Esquire
Trenam, Kemker
200 Central Avenue, Suite 1600
St. Petersburg, Florida  33701
Telephone: (727) 896-7171
Facsimile: (727) 820-0835
Email: Bmuhs@trenam.com; bmerenda@trenam.com; charris@trenam.com;
bcronin@trenam.com; sleuthauser@trenam.com; bshepard@trenam.com;
gkesinger@trenam.com; slord@trenam.com; jamer@trenam.com; RAnctil@trenam.com
*Counsel for Wells Fargo Bank, N.A.*

Eva Spahn, Esquire
Beth A. Black, Esquire
Joseph A. Vallo, Esquire
Greenberg Traurig, P.A.
Phillips Point - East Tower
777 S. Flagler Drive, Suite 300E
West Palm Beach, Florida  33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222
Email: valloj@gtlaw.com; tousap@gtlaw.com; hernandezt@gtlaw.com; blackb@gtlaw.com; FLService@gtlaw.com; spahne@gtlaw.com; cruzm@gtlaw.com
*Counsel for Wells Fargo Advisors & Zoch*

Benjamin Rafael
11111 Biscayne Boulevard
Unit 1900
Miami, Florida 33181
*Pro Se*