```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                    Case No. 16-21562-Civ-UNGARO

ADANA INVESTING, INC.,          ) Pages 1-14
                                )
            Plaintiff,          )
                                )
         -v-                    )
                                )
WELLS FARGO ADVISORS, LLC,      )
et al.,                         )
                                ) Miami, Florida
            Defendants.         ) May 3, 2017
--------------------------------) 3:55 p.m.


                   TRANSCRIPT OF STATUS CONFERENCE

                 BEFORE THE HONORABLE URSULA UNGARO

                        U.S. DISTRICT JUDGE



APPEARANCES VIA SPEAKERPHONE:

For the Plaintiff        KOBRE & KIM, LLP
                         BY:  JOHN D. COURIEL, ESQ.
                         2 South Biscayne Boulevard
                         35th Floor
                         Miami, Florida  33131


For the Defendants       GREENBERG TRAURIG
                         BY:  JOSEPH A. VALLO, ESQ.
                         200 Park Avenue - MetLife Building
                         New York, New York  10166

(continued)



REPORTED BY:             WILLIAM G. ROMANISHIN, RMR, FCRR, CRR
(305) 523-5558           Official Court Reporter
                         400 North Miami Avenue
                         Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

```
 1   APPEARANCES VIA SPEAKERPHONE (continued):
 2   For the Defendants        TRENAM, KEMKER, SCHARF, BARKIN, FRYE
                               O'NEILL & MULLIS
 3                             BY:  STEPHANIE S. LEUTHAUSER, ESQ.,
                               CHARLES M. HARRIS, JR., ESQ.
 4                             2700 Bank of America Plaza
                               101 East Kennedy Boulevard
 5                             Tampa, Florida  33602-5150

 6                             McGUIRE WOODS, LLP
                               BY:  MARK W. KINGHORN, ESQ.
 7                             201 North Tryon Street - Suite 3000
                               Charlotte, North Carolina  28202
 8                                      -and-
                               BY:  ROBERT ERIC BILIK, ESQ.
 9                             50 North Laura Street - Suite 3300
                               Jacksonville, Florida  32201-4099
10
11         (Call to order of the Court)
12            THE COURT:  Okay.  Good afternoon.  This is Judge
13   Ungaro in the case of Adana Investing versus Wells Fargo, et
14   al., 16-21562.
15            Who's on the phone for the plaintiff?
16            MR. COURIEL:  John Couriel is, Your Honor.  How are
17   you?
18            THE COURT:  Good afternoon.
19            Who's on the phone for the defendants?
20            MR. KINGHORN:  Your Honor, this is Mark Kinghorn from
21   the McGuire Woods law firm on the phone for Wells Fargo Bank.
22            THE COURT:  Where is Eric Bilik?
23            MR. BILIK:  Your Honor, I'm also on the line.  Thank
24   you, Your Honor.  I'm with McGuire Woods up in Jacksonville.
25            THE COURT:  Right.  And you're the one who filed this
```

1  motion today, right?
2        MR. BILIK:  I filed a motion for a settlement
3  conference and also a motion for protective order.
4        THE COURT:  Yes.  And I'm most interested in talking
5  to you.
6        But who else is on the phone for the defendants?
7        MR. VALLO:  Joseph Vallo from Greenberg Traurig for
8  defendants Well Fargo Advisors and Paul Zoch.
9        THE COURT:  Anyone else?
10       MS. LEUTHAUSER:  Yes, Your Honor.  Stephanie
11 Leuthhauser from Trenam for Wells Fargo Bank.
12       THE COURT:  Anyone else?
13       MR. HARRIS:  Charlie Harris, Your Honor, for Wells
14 Fargo Bank.
15       THE COURT:  That's a big presence for a defendant
16 that's been less than cooperative and less than responsive.
17       So we have this motion that was filed today for
18 protective order.  Discovery closes May 8th, and I am leaving
19 town on Friday.  So we need to find a way to resolve this and
20 to resolve this this afternoon on this conference call.
21       So one of the things that has occurred to me is to
22 limit the plaintiff to the original -- the defendant says, 65
23 categories for the 30(b)(6) witnesses, and the reason that
24 occurs to me is because it would be very easy to take the
25 position that Wells Fargo has waived any right to object to

1   any of those first 65 categories due to its complete lack of
2   responsiveness to discovery earlier in this litigation.
3           So, Mr. Couriel, how would that work out for you?
4           MR. COURIEL:  I think that's a very good suggestion,
5   Your Honor.  There's one addition that I would make to it.
6           The additional topics that we added were topics that
7   came only from documents that had been withheld wrongly until
8   after this Court's order.
9           THE COURT:  Yes.  Can you identify for me which of
10  the requests those are?  Because part of my problem was I
11  didn't have the original 65 or so.  I'm assuming they're
12  accurate, which may be an assumption I should not be
13  indulging.  But I'm assuming that Wells Fargo has accurately
14  reflected that the original 30(b)(6) topics amounted to 65.
15          Is that correct?
16          MR. COURIEL:  Yes, that's correct, that number.  And
17  I think, Your Honor, that maybe the best way to do it is just
18  to say I can be very specific.
19          THE COURT:  Okay.
20          MR. COURIEL:  The topics that relate to loss
21  prevention note in addition to the first 65 would be of
22  interest to the plaintiff.
23          THE COURT:  Can you say what numbers those are?
24          MR. COURIEL:  I'm working on that as we speak.  I can
25  probably do that momentarily, if you give me just a moment.

```
 1             THE COURT:  Okay.  Go ahead.  I will wait.
 2             (Pause)
 3             MR. COURIEL:  It would be topic number 37 -- there
 4   are a couple more; just one moment -- 41.  37 and 41, Your
 5   Honor.
 6             THE COURT:  Okay.  How would I identify from the
 7   30(b)(6) list of categories that was provided which are the
 8   first 60 or the original 65?  I guess we don't have to.  We
 9   would just go back to the original 30(b)(6) notice.  Is that
10   right?
11             MR. COURIEL:  We could do that or we're also happy to
12   provide the Court a red line comparison.
13             THE COURT:  That's okay.  Why don't we just go back
14   to the original 30(b)(6) notice and add 37 and 41.
15             MR. COURIEL:  Your Honor, what about the topics that
16   are new but were not objected to in this motion?
17             THE COURT:  Which ones would those be?  It's
18   important to me that they be identified.
19             MR. COURIEL:  Okay.  I understand the Court's
20   request.  I guess what I'm saying is, if they haven't
21   objected -- I guess I'm just looking for clarity -- if they
22   haven't objected to --
23             THE COURT:  So, Mr. Couriel, why don't we just make
24   it simple:  The original 65 plus 37 and 41.
25             MR. COURIEL:  Yes, Your Honor.
```

1    THE COURT: So we can get this discovery closed.
2    MR. COURIEL: We agree.
3    THE COURT: Okay. That's my order.
4    MR. COURIEL: Thank you, Your Honor.
5    THE COURT: And I want Wells Fargo to understand, I
6  could have struck your pleadings and I considered it.
7    MR. KINGHORN: Your Honor, we understand that. This
8  is Mark Kinghorn. And there was absolutely no intent, Your
9  Honor, to delay this proceeding or to do anything that would
10 get in the way of further discovery in this matter. That's
11 absolutely not our intention.
12   I can tell you that we have been working with extreme
13 diligence ever since your order was entered to make sure that
14 we are responding the best that we possibly can to the new
15 topics, except the ones to which we raised an objection, to
16 the number of new individual depositions that were noticed.
17 We've been working very hard to make sure that all of that
18 gets covered, and we appreciate Your Honor's consideration of
19 this, your quick consideration of this, and we will abide by
20 the order that you just made.
21   I will note, Your Honor, just for the record, that I
22 believe that objections were raised to a number of the
23 original 65 30(b)(6) topics a while back not long after
24 those --
25   THE COURT: Well, let me read to you from my order,

1  because I address this in my order.
2          On January 6, 2017, counsel for Wells Fargo Bank
3      informed plaintiff he was personally unavailable January
4      23rd through January 25th and at that time did not propose
5      additional dates.  Counsel for Wells Fargo Bank also
6      advised that they believed the 30(b)(6) topics were
7      overbroad and informed plaintiff that it would provide
8      written objections to plaintiff by the week of January 9,
9      2017.
10         Wells Fargo Bank failed to do so and never provided
11     written objections to the 30(b)(6) topics until the
12     second-to-the-last day of discovery, February 2, 2017,
13     and only after plaintiff filed its second motion for
14     sanctions.
15         And then it goes on and on about this.
16         Now, really, I don't know what the problem is here.
17 But Wells Fargo needs to get it together and get this over
18 with.
19         MR. KINGHORN:  Your Honor, we understand.  Again,
20 this is Mark Kinghorn, Your Honor.  We are working very hard
21 to get this over with.  I assure you of that.  We are working.
22         THE COURT:  You know, when I look at this docket
23 sheet, the case has been pending a year, almost exactly a
24 year, and there are 548 docket entries.  Of course, a lot of
25 them are motions to appear pro hac vice.  But an awful lot of

1  them are motions for sanctions, motions to compel.  I don't
2  like to see cases that look like that.
3          MR. KINGHORN:  Your Honor, I don't either.  I assure
4  you I don't need.  The McGuire Woods law firm, I know you may
5  be unhappy with us at the moment because we filed that motion,
6  and I apologize for the circumstances in which we filed that
7  motion today.
8          THE COURT:  By the way, when that 30(b)(6) motion or
9  when was that notice served, Mr. Couriel?
10         MR. COURIEL:  I believe it was in January and we
11 supplemented three weeks ago.
12         THE COURT:  Three weeks ago.
13         MR. COURIEL:  Yes, Your Honor.
14         THE COURT:  Three weeks ago.  And then the motion
15 gets filed today when discovery is going to close on May 8th.
16         MR. COURIEL:  Your Honor -- this is John Couriel -- I
17 think it's important for the Court to note that those 30(b)(6)
18 witnesses are set for tomorrow and Friday.  That's why I think
19 they filed it at the eleventh hour.  Those depositions are set
20 for tomorrow, and indeed I don't think we had previously to
21 this motion heard who the witnesses would even be on Friday.
22         MR. KINGHORN:  Your Honor, I can tell you from the
23 perspective of -- again, I'm with McGuire Woods; I'm new to
24 this case.  I understand it has a long history and we're not
25 responsible or we're not excused from anything just because

Case 1:16-cv-21562-UU  Document 553  Entered on FLSD Docket 05/04/2017  Page 9 of 14

9

```
 1   we're new to this case.
 2            But as ones who are new to this case and who are
 3   brought in, Your Honor, to a large extent to get this thing
 4   done, as you just indicated, I can tell you that we've been
 5   working our tail off for the last two, three weeks, ever since
 6   you entered your order, to make sure that the remaining
 7   discovery is completed.
 8            There have been a lot of lawyers who have gotten
 9   involved in this case to get that done, taken a large effort
10   to get through all the individual depositions that have
11   happened over the last two weeks that deal with other issues.
12   And I apologize, Your Honor.  I apologize for the timing of
13   the motion.  We did want to get it filed in advance of the
14   depositions, and I understand that we're right at the tail end
15   of discovery.
16            But I just want to reiterate, Your Honor, we are in
17   this case in order to get this case resolved.  That's part the
18   reason why we also filed a motion today for a settlement
19   conference because we think that there is an opportunity here
20   to get this case done very quickly, and we're working hard in
21   that direction.
22            I can tell you that -- I don't want to get ahead of
23   myself because I know you haven't ruled on that motion.  But
24   the dynamic has changed significantly in that, and we think it
25   would be very helpful if Your Honor would participate in that
```

1    process to help us close what gap remains, because we, like
2    you, think it's time to get the discovery completed, fully
3    recognizing that it has been a long and largely unhappy
4    history with it, and we think it's time to get this case
5    done.  That's our objective here.
6              THE COURT:  Well, may I ask why you think that
7    judicial intervention in settlement is necessary when you
8    could just as easily go to a mediator and divulge, by the way,
9    to Mr. Couriel and to the mediator, or maybe just even to
10   Mr. Couriel without a mediator, what the important information
11   is that has changed the dynamics of the case?
12             MR. KINGHORN:  Mr. Couriel is aware of that
13   information, Your Honor.  It's information that we don't want
14   to put it in a public record because it needs to be part of
15   settlement discussions.  But like you say, it's time to get
16   this case done and we are prepared to show up before you, and
17   I think it would help.
18             It's not a wasteful exercise of judicial resources.
19   We're asking for your assistance, because we think that the
20   movement that has been made should be sufficient.  I think
21   that if we were able to provide that information to you in a
22   confidential setting --
23             THE COURT:  How are you going to do that?  You're
24   going to propose to provide me with confidential information
25   off the record?

```
 1              MR. KINGHORN:  No, Your Honor.  We would propose that
 2   you be involved in settlement discussions in this case.
 3              THE COURT:  I don't do anything off the record.
 4              MR. KINGHORN:  Okay.
 5              MR. COURIEL:  Your Honor, the plaintiff agrees that
 6   mediation is appropriate and not judicial intervention.
 7              THE COURT:  Right.  I don't do anything off the
 8   record.  So that's not going to work for me.
 9              So what you need to do is you need to find a
10   competent mediator.  It's not like there aren't competent
11   mediators here in Miami, people who are highly sophisticated
12   who can deal with a case like this.  Why not Tom Scott?  Why
13   not Bruce Greer?  Why not any number of people I can think of
14   off the top of my head?
15              MR. KINGHORN:  We can do that, Your Honor.  Our point
16   is this can happen now.  This can happen immediately.
17              And, Your Honor, to be clear, we're not asking for
18   anything off the record.  I think that we would be fine with
19   having this on the record.  We would just think that it should
20   be sealed, and if you would entertain that possibility, we
21   think this case could get done very, very, very quickly.
22              THE COURT:  No, I will not do that.
23              MR. KINGHORN:  Understood, Your Honor.
24              THE COURT:  I suggest you go out and find a competent
25   mediator.
```

```
 1              Actually I'm going to order you to mediate before I
 2     get back, and I'm coming back May 13th.
 3              MR. KINGHORN:  Understood, Your Honor.  We'd be happy
 4     to do that.
 5              THE COURT:  Okay.  All right.
 6              MR. COURIEL:  Thank you, Your Honor.
 7              THE COURT:  Hopefully there will be no more motions
 8     between now and my departure.
 9              MR. KINGHORN:  I can assure you Wells Fargo does not
10     intend to file any more motions, Your Honor.
11              THE COURT:  All right.  Thank you.
12              All right.  Good luck.  Bye.
13              (Recessed at 4:10 p.m.)
14        *    *    *    *    *    *    *    *    *    *
15                        C E R T I F I C A T E
16
17         I certify that the foregoing is a correct transcript
18     from the record of proceedings in the above-entitled matter.
19
20
21
22
23
24
25
```

**A**
abide 6:19
able 10:21
above-entitled 12:18
absolutely 6:8,11
accurate 4:12
accurately 4:13
Adana 1:3 2:13
add 5:14
added 4:6
addition 4:5,21
additional 4:6 7:5
address 7:1
advance 9:13
advised 7:6
Advisors 1:6 3:8
afternoon 2:12,18 3:20
ago 8:11,12,14
agree 6:2
agrees 11:5
ahead 5:1 9:22
al 1:6 2:14
America 2:4
amounted 4:14
and- 2:8
apologize 8:6 9:12,12
appear 7:25
APPEARANCES 1:14 2:1
appreciate 6:18
appropriate 11:6
asking 10:19 11:17
assistance 10:19
assuming 4:11,13
assumption 4:12
assure 7:21 8:3 12:9
Avenue 1:19,24
aware 10:12
awful 7:25

**B**
back 5:9,13 6:23 12:2,2
Bank 2:4,21 3:11,14 7:2 7:5,10
BARKIN 2:2
believe 6:22 8:10
believed 7:6
best 4:17 6:14
big 3:15
Bilik 2:8,22,23 3:2
Biscayne 1:16
Boulevard 1:16 2:4
brought 9:3
Bruce 11:13
Building 1:19
Bye 12:12

**C**
C 12:15,15
call 2:11 3:20
Carolina 2:7
case 1:2 2:13 7:23 8:24 9:1,2,9,17,17,20 10:4 10:11,16 11:2,12,21
cases 8:2
categories 3:23 4:1 5:7
certify 12:17
changed 9:24 10:11
CHARLES 2:3
Charlie 3:13
Charlotte 2:7
circumstances 8:6
clarity 5:21
clear 11:17

close 8:15 10:1
closed 6:1
closes 3:18
coming 12:2
comparison 5:12
compel 8:1
competent 11:10,10,24
complete 4:1
completed 9:7 10:2
conference 1:10 3:3,20 9:19
confidential 10:22,24
consideration 6:18,19
considered 6:6
continued 1:21 2:1
cooperative 3:16
correct 4:15,16 12:17
counsel 7:2,5
couple 5:4
Couriel 1:15 2:16,16 4:3 4:4,16,20,24 5:3,11,15 5:19,23,25 6:2,4 8:9 8:10,13,16,16 10:9,10 10:12 11:5 12:6
course 7:24
Court 1:1,23 2:11,12,18 2:22,25 3:4,9,12,15 4:9,19,23 5:1,6,12,13 5:17,23 6:1,3,5,25 7:22 8:8,12,14,17 10:6 10:23 11:3,7,22,24 12:5,7,11
Court's 4:8 5:19
covered 6:18
CRR 1:23

**D**
D 1:15
dates 7:5
day 7:12
deal 9:11 11:12
defendant 3:15,22
defendants 1:7,18 2:2,19 3:6,8
delay 6:9
departure 12:8
depositions 6:16 8:19 9:10,14
diligence 6:13
direction 9:21
discovery 3:18 4:2 6:1 6:10 7:12 8:15 9:7,15 10:2
discussions 10:15 11:2
DISTRICT 1:1,1,12
divulge 10:8
docket 7:22,24
documents 4:7
due 4:1
dynamic 9:24
dynamics 10:11

**E**
E 12:15,15
earlier 4:2
easily 10:8
East 2:4
easy 3:24
effort 9:9
either 8:3
eleventh 8:19
entered 6:13 9:6
entertain 11:20
entries 7:24

Eric 2:8,22
ESQ 1:15,19 2:3,3,6,8
et 1:6 2:13
exactly 7:23
excused 8:25
exercise 10:18
extent 9:3
extreme 6:12

**F**
F 12:15
failed 7:10
Fargo 1:6 2:13,21 3:8,11 3:14,25 4:13 6:5 7:2,5 7:10,17 12:9
FCRR 1:23
February 7:12
file 12:10
filed 2:25 3:2,17 7:13 8:5 8:6,15,19 9:13,18
find 3:19 11:9,24
fine 11:18
firm 2:21 8:4
first 4:1,21 5:8
Floor 1:16
Florida 1:1,7,17,24 2:5,9
foregoing 12:17
Friday 3:19 8:18,21
FRYE 2:2
fully 10:2
further 6:10

**G**
G 1:23
gap 10:1
give 4:25
go 5:1,9,13 10:8 11:24
goes 7:15
going 8:15 10:23,24 11:8 12:1
good 2:12,18 4:4 12:12
gotten 9:8
Greenberg 1:18 3:7
Greer 11:13
guess 5:8,20,21

**H**
hac 7:25
happen 11:16,16
happened 9:11
happy 5:11 12:3
hard 6:17 7:20 9:20
Harris 2:3 3:13,13
head 11:14
heard 8:21
help 10:1,17
helpful 9:25
highly 11:11
history 8:24 10:4
Honor 2:16,20,23,24 3:10,13 4:5,17 5:5,15 5:25 6:4,7,9,21 7:19 7:20 8:3,13,16,22 9:3 9:12,16,25 10:13 11:1 11:5,15,17,23 12:3,6 12:10
Honor's 6:18
HONORABLE 1:11
Hopefully 12:7
hour 8:19

**I**
identified 5:18
identify 4:9 5:6

immediately 11:16
important 5:18 8:17 10:10
indicated 9:4
individual 6:16 9:10
indulging 4:13
information 10:10,13,13 10:21,24
informed 7:3,7
intend 12:10
intent 6:8
intention 6:11
interest 4:22
interested 3:4
intervention 10:7 11:6
Investing 1:3 2:13
involved 9:9 11:2
issues 9:11

**J**
Jacksonville 2:9,24
January 7:2,3,4,8 8:10
John 1:15 2:16 8:16
Joseph 1:19 3:7
JR 2:3
Judge 1:12 2:12
judicial 10:7,18 11:6

**K**
KEMKER 2:2
Kennedy 2:4
KIM 1:15
Kinghorn 2:6,20,20 6:7 6:8 7:19,20 8:3,22 10:12 11:1,4,15,23 12:3,9
know 7:16,22 8:4 9:23
KOBRE 1:15

**L**
lack 4:1
large 9:3,9
largely 10:3
Laura 2:9
law 2:21 8:4
lawyers 9:8
leaving 3:18
LEUTHAUSER 2:3 3:10
Leuthhauser 3:11
limit 3:22
line 2:23 5:12
list 5:7
litigation 4:2
LLC 1:6
LLP 1:15 2:6
long 6:23 8:24 10:3
look 7:22 8:2
looking 5:21
loss 4:20
lot 7:24,25 9:8
luck 12:12

**M**
M 2:3
Mark 2:6,20 6:8 7:20
matter 6:10 12:18
McGUIRE 2:6,21,24 8:4 8:23
mediate 12:1
mediation 11:6
mediator 10:8,9,10 11:10,25
mediators 11:11

MetLife 1:19
Miami 1:7,17,24,24 11:11
moment 4:25 5:4 8:5
momentarily 4:25
motion 3:1,2,3,17 5:16 7:13 8:5,7,8,14,21 9:13,18,23
motions 7:25 8:1,1 12:7 12:10
movement 10:20
MULLIS 2:2

**N**
necessary 10:7
need 3:19 8:4 11:9,9
needs 7:17 10:14
never 7:10
new 1:20,20 5:16 6:14 6:16 8:23 9:1,2
North 1:24 2:7,7,9
note 4:21 6:21 8:17
notice 5:9,14 8:9
noticed 6:16
number 4:16 5:3 6:16,22 11:13
numbers 4:23

**O**
O'NEILL 2:2
object 3:25
objected 5:16,21,22
objection 6:15
objections 6:22 7:8,11
objective 10:5
occurred 3:21
occurs 3:24
Official 1:23
okay 2:12 4:19 5:1,6,13 5:19 6:3 11:4 12:5
ones 5:17 6:15 9:2
opportunity 9:19
order 2:11 3:3,18 4:8 6:3 6:13,20,25 7:1 9:6,17 12:1
original 3:22 4:11,14 5:8 5:9,14,24 6:23
overbroad 7:7

**P**
p.m 1:8 12:13
Park 1:19
part 4:10 9:17 10:14
participate 9:25
Paul 3:8
Pause 5:2
pending 7:23
people 11:11,13
personally 7:3
perspective 8:23
phone 2:15,19,21 3:6
plaintiff 1:4,15 2:15 3:22 4:22 7:3,7,8,13 11:5
Plaza 2:4
pleadings 6:6
plus 5:24
point 11:15
position 3:25
possibility 11:20
possibly 6:14
prepared 10:16
presence 3:15
prevention 4:21
previously 8:20

**pro** 7:25
**probably** 4:25
**problem** 4:10 7:16
**proceeding** 6:9
**proceedings** 12:18
**process** 10:1
**propose** 7:4 10:24 11:1
**protective** 3:3,18
**provide** 5:12 7:7 10:21 10:24
**provided** 5:7 7:10
**public** 10:14
**put** 10:14

**Q**
**quick** 6:19
**quickly** 9:20 11:21

**R**
**R** 12:15
**raised** 6:15,22
**read** 6:25
**really** 7:16
**reason** 3:23 9:18
**Recessed** 12:13
**recognizing** 10:3
**record** 6:21 10:14,25 11:3,8,18,19 12:18
**red** 5:12
**reflected** 4:14
**reiterate** 9:16
**relate** 4:20
**remaining** 9:6
**remains** 10:1
**REPORTED** 1:23
**Reporter** 1:23
**request** 5:20
**requests** 4:10
**resolve** 3:19,20
**resolved** 9:17
**resources** 10:18
**responding** 6:14
**responsible** 8:25
**responsive** 3:16
**responsiveness** 4:2
**right** 2:25 3:1,25 5:10 9:14 11:7 12:5,11,12
**RMR** 1:23
**ROBERT** 2:8
**ROMANISHIN** 1:23
**ruled** 9:23

**S**
**S** 2:3
**sanctions** 7:14 8:1
**saying** 5:20
**says** 3:22
**SCHARF** 2:2
**Scott** 11:12
**sealed** 11:20
**second** 7:13
**second-to-the-last** 7:12
**see** 8:2
**served** 8:9
**set** 8:18,19
**setting** 10:22
**settlement** 3:2 9:18 10:7 10:15 11:2
**sheet** 7:23
**show** 10:16
**significantly** 9:24
**simple** 5:24
**sophisticated** 11:11
**South** 1:16

**SOUTHERN** 1:1
**speak** 4:24
**SPEAKERPHONE** 1:14 2:1
**specific** 4:18
**STATES** 1:1
**STATUS** 1:10
**Stephanie** 2:3 3:10
**Street** 2:7,9
**struck** 6:6
**sufficient** 10:20
**suggest** 11:24
**suggestion** 4:4
**Suite** 2:7,9
**supplemented** 8:11
**sure** 6:13,17 9:6

**T**
**T** 12:15,15
**tail** 9:5,14
**take** 3:24
**taken** 9:9
**talking** 3:4
**Tampa** 2:5
**tell** 6:12 8:22 9:4,22
**Thank** 2:23 6:4 12:6,11
**thing** 9:3
**things** 3:21
**think** 4:4,17 8:17,18,20 9:19,24 10:2,4,6,17,19 10:20 11:13,18,19,21
**three** 8:11,12,14 9:5
**time** 7:4 10:2,4,15
**timing** 9:12
**today** 3:1,17 8:7,15 9:18
**Tom** 11:12
**tomorrow** 8:18,20
**top** 11:14
**topic** 5:3
**topics** 4:6,6,14,20 5:15 6:15,23 7:6,11
**town** 3:19
**transcript** 1:10 12:17
**Traurig** 1:18 3:7
**Trenam** 2:2 3:11
**Tryon** 2:7
**two** 9:5,11

**U**
**U.S** 1:12
**unavailable** 7:3
**understand** 5:19 6:5,7 7:19 8:24 9:14
**Understood** 11:23 12:3
**Ungaro** 1:11 2:13
**unhappy** 8:5 10:3
**UNITED** 1:1
**URSULA** 1:11

**V**
**v-** 1:5
**Vallo** 1:19 3:7,7
**versus** 2:13
**vice** 7:25

**W**
**W** 2:6
**wait** 5:1
**waived** 3:25
**want** 6:5 9:13,16,22 10:13
**wasteful** 10:18
**way** 3:19 4:17 6:10 8:8 10:8

**we're** 5:11 8:24,25 9:1 9:14,20 10:19 11:17
**we've** 6:17 9:4
**week** 7:8
**weeks** 8:11,12,14 9:5,11
**Wells** 1:6 2:13,21 3:11 3:13,25 4:13 6:5 7:2,5 7:10,17 12:9
**WILLIAM** 1:23
**withheld** 4:7
**witnesses** 3:23 8:18,21
**Woods** 2:6,21,24 8:4,23
**work** 4:3 11:8
**working** 4:24 6:12,17 7:20,21 9:5,20
**written** 7:8,11
**wrongly** 4:7

**X**

**Y**
**year** 7:23,24
**York** 1:20,20

**Z**
**Zoch** 3:8

**0**

**1**
**101** 2:4
**10166** 1:20
**13th** 12:2
**16-21562** 2:14
**16-21562-Civ-UNGA...** 1:2

**2**
**2** 1:16 7:12
**200** 1:19
**201** 2:7
**2017** 1:7 7:2,9,12
**23rd** 7:4
**25th** 7:4
**2700** 2:4
**28202** 2:7

**3**
**3** 1:7
**3:55** 1:8
**30(b)(6)** 3:23 4:14 5:7,9 5:14 6:23 7:6,11 8:8 8:17
**3000** 2:7
**305** 1:23
**32201-4099** 2:9
**3300** 2:9
**33128** 1:24
**33131** 1:17
**33602-5150** 2:5
**35th** 1:16
**37** 5:3,4,14,24

**4**
**4:10** 12:13
**400** 1:24
**41** 5:4,4,14,24

**5**
**50** 2:9
**523-5558** 1:23
**548** 7:24

**6**
**6** 7:2
**60** 5:8
**65** 3:22 4:1,11,14,21 5:8 5:24 6:23

**7**

**8**
**8th** 3:18 8:15

**9**
**9** 7:8